■ BITYA DAYANOFF, Respondent, v ELI DAYANOFF, Appellant, et al., Defendant.—In an action for divorce, the defendant husband appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Nassau County (Levitt, J.), dated October 3, 1984, which, *inter alia,* (1) directed that he pay to the plaintiff wife the sum of $400 per week for maintenance and the sum of $100 per week for child support until the child of the parties reaches the age of 21 years or is sooner emancipated, (2) awarded the plaintiff full title to the marital residence free and clear of the outstanding debts thereon, and full title to

certain properties in Israel, should he fail to satisfy the outstanding debts owed on the marital residence, and (3) directed that he pay to the plaintiff's counsel the sum of $25,000 for her counsel fees.

Judgment modified, by deleting the ninth decretal paragraph thereof which awarded counsel fees to the plaintiff. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The defendant contends that the Trial Judge improperly permitted the plaintiff to conduct discovery and inspection of his business records during the course of the trial. Under the circumstances of this case, directing midtrial disclosure was not an abuse of discretion and does not warrant reversal. We further perceive no basis to disturb the determinations granting the plaintiff maintenance, child support and full title to the marital residence, which determinations are fully supported in the record.

However, we conclude that there is insufficient information in the record to determine the appropriate amount and proper allocation of counsel fees *(see, Falcone v Falcone,* 112 AD2d 796, 797; *Singer v Singer,* 106 AD2d 623, 624). We therefore remit the matter for a hearing and new determination on that issue alone. Lazer, J. P., Niehoff, Kooper and Spatt, JJ., concur.