■ RENEE GREENFIELD, Appellant, v VAN GREENFIELD, Respondent. [731 NYS2d 34] —Judgment, Supreme Court, New York County (Jacqueline Silbermann, J.), entered February 10, 2000, which, to the extent appealed from as limited by the brief, awarded plaintiff wife $12,000 per month in permanent maintenance and denied her application for attorneys' and expert's fees, unanimously modified, on the law and the facts, to increase the wife's award of permanent maintenance to $17,000 per month and to grant plaintiff's attorneys' fee application and remand the matter for a determination of the amount of attorneys' fees to be awarded, and otherwise affirmed, with costs to plaintiff.

Defendant husband, a successful arbitrageur and businessman, earns on average at least $700,000 per year and admits that the parties lived a luxurious lifestyle which included, in addition to basic living expenses, discretionary spending by plaintiff wife averaging $30,000 per month. Even assuming these sums include expenditures made on the husband and the children, and taking into account the $5,588 awarded to the wife in monthly child support as well as the husband's agreement to pay the mortgage on the marital residence which has been awarded to the wife, and the fact that it is nearly impossible for both parties to maintain their pre-separation standard of living after divorce, the court's maintenance award was nonetheless inadequate under the circumstances here presented. Moreover, since the maintenance award is taxable to the wife, her actual income will be significantly less than the amount awarded. Accordingly, we increase the wife's maintenance award to $17,000 per month.

The court erred in not awarding the wife reasonable attorneys' fees. While the court found that the wife's prior attorneys, who hold a significant charging lien, incurred substantial unnecessary expenses, this circumstance did not justify denying the wife's attorney fee application in toto (*Charpie v Charpie*, 271 AD2d 169). However, because the record is insufficient for a determination of reasonable attorneys' fees by this Court, we remand for a determination of the matter by Supreme Court (*see, Dayanoff v Dayanoff*, 118 AD2d 679).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Saxe, JJ.