■ JOCELYN ADAMS KATSAROS, Appellant, v LOUIS KATSAROS, Respondent. [914 NYS2d 910]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (LaSalle, J.), dated July 29, 2009, as granted the defendant's motion for summary judgment determining that the plaintiff's interest in the marital residence is limited to 50% of the actual net proceeds of sale of the residence.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[D]uly executed prenuptial agreements are generally valid

and enforceable given the strong public policy favoring individuals ordering and deciding their own interests through contractual arrangements" (*Van Kipnis v Van Kipnis*, 11 NY3d 573, 577 [2008] [internal quotation marks omitted]; *see Bloomfield v Bloomfield*, 97 NY2d 188, 193 [2001]). "As with all contracts, prenuptial agreements are construed in accord with the parties' intent, which is generally gleaned from what is expressed in their writing" (*Van Kipnis v Van Kipnis*, 11 NY3d at 577; *see Strong v Dubin*, 75 AD3d 66, 68 [2010]). Where a prenuptial agreement is clear and unambiguous on its face, the intent of the parties is gleaned from the four corners of the writing as a whole with a practical interpretation of the language employed so that the parties' reasonable expectations are met (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Genovese v Axel*, 40 AD3d 693, 694 [2007]).

Here, contrary to the plaintiff's contention, the parties' prenuptial agreement unambiguously provides that, in the event of a sale of the marital residence, the plaintiff's 50% interest therein is to be unaffected by any "second mortgage placed on the premises by the [defendant]." Since the parties agree that no second mortgage on the property was ever executed, and we find that the plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal, the Supreme Court properly granted the defendant's motion for summary judgment determining that the plaintiff's interest in the marital residence is limited to 50% of the actual net proceeds of sale of the residence. Skelos, J.P., Eng, Belen and Lott, JJ., concur.