In a matrimonial action in which the parties were divorced by judgment entered May 10, 2011, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Janowitz, J.), entered October 13, 2011, as denied those branches of her motion which were to direct the plaintiff to pay her the sum of $3 million pursuant to paragraph 30 of the parties’ prenuptial agreement dated January 24, 2008, which was incorporated but not merged into the parties’ judgment of divorce, for an award of postjudgment interest on that sum retroactive to the date of entry of the judgment of divorce, and for an award of counsel fees pursuant to Domestic Relations Law § 238.
Ordered that the order is affirmed insofar as appealed from, with costs.
“Where a prenuptial agreement is clear and unambiguous on its face, the intent of the parties is gleaned from the four corners *654 of the writing as a whole with a practical interpretation of the language employed so that the parties’ reasonable expectations are met” (Katsaros v Katsaros, 80 AD3d 666, 667 [2011]; see Van Kipnis v Van Kipnis, 11 NY3d 573, 577 [2008]; W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). Here, paragraph 30 of the parties’ prenuptial agreement clearly provides that, upon separation, the plaintiff would be obligated to pay the defendant the sum of $3 million “in $500,000 installments,” and that the first installment “shall be paid upon sale of the [marital residence].” Since the sale of the marital residence had not occurred by the time that the defendant made her motion, inter alia, to direct the plaintiff to pay her that sum, the Supreme Court correctly denied that branch of her motion which was to direct the plaintiff to pay her the sum of $3 million, since the plaintiff’s obligation to make installment payments was not triggered. While paragraph 30 of the prenuptial agreement provides that “any . . . balance” of the $3 million would be due upon dissolution of the marriage, which has already occurred, there was no balance due as of the date of dissolution, since the plaintiffs obligation to pay the first installment had not been triggered in the first instance. Accordingly, the Supreme Court properly denied that branch of the defendant’s motion which was to direct the plaintiff to pay her the sum of $3 million pursuant to paragraph 30 of the prenuptial agreement.
The defendant’s remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.E, Dickerson, Leventhal and Hinds-Radix, JJ., concur.