Philogene v Delpe-Philogene (2021 NY Slip Op 04045)





Philogene v Delpe-Philogene


2021 NY Slip Op 04045


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-05074
 (Index No. 203437/14)

[*1]Renaud Philogene, appellant,
v
Marie M. Delpe-Philogene, respondent.


Anthony J. LoPresti, Garden City, NY, for appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Nassau County (Sharon M.J. Giannelli, J.), entered December 14, 2017. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated March 8, 2017, made after a nonjury trial, awarded the plaintiff the sum of only $32,500 for his interest in the marital residence.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff and the defendant were married on August 5, 2005. There were no children of the marriage, but the defendant's child resided with the parties in the marital residence. The defendant had purchased the marital residence in 1993, and transferred the property into both parties' names in 2006.
On or about November 12, 2013, the plaintiff commenced this action for a divorce and ancillary relief. The defendant answered the complaint, and asserted a counterclaim for divorce and ancillary relief. The parties stipulated as to the valuation of the marital residence at the time it was transferred into both parties' names, and as to its appreciation in value during the marriage. In a decision dated March 8, 2017, made after a nonjury trial, the Supreme Court, inter alia, awarded the plaintiff only half of the stipulated appreciation in the value of the marital residence, in effect, determining that the defendant was entitled to a separate property credit for her contribution of separate property towards the creation of the marital residence as marital property. Subsequently, a judgment of divorce was issued based upon the court's decision. The plaintiff appeals from so much of the judgment as awarded him the sum of only $32,500 for his interest in the marital residence.
The trial court is vested with broad discretion in making an equitable distribution of marital property, and "unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Kaufman v Kaufman, 189 AD3d 31, 56 [internal quotation marks omitted]; see Santamaria v Santamaria, 177 AD3d 802, 804). "Where a determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses and the proffered items of evidence is afforded great weight on appeal" (Kaufman v Kaufman, 189 AD3d at 56; see Taylor v Taylor, 140 AD3d 944, 946). "'Equitable distribution does not necessarily mean equal distribution'" (Santamaria v Santamaria, [*2]177 AD3d at 804, quoting Faello v Faello, 43 AD3d 1102, 1103).
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in awarding the defendant a credit, equal to the stipulated valuation of the marital residence as of March 2006, for her contribution of separate property towards the creation of marital property (see Spencer-Forrest v Forrest, 159 AD3d 762, 765; Coffey v Coffey, 119 AD2d 620, 622). Even though the defendant changed the character of the property from separate property to marital property by placing the marital residence in both parties' names (see Spencer-Forrest v Forrest, 159 AD3d at 765; Schmidlapp Schmidlapp, 220 AD2d 571, 572), a separate property credit is not precluded as a matter of law when separate property has been transmuted into marital property (see Spencer-Forrest v Forrest, 159 AD3d at 765; Myers v Myers, 119 AD3d 1114, 1116).
The plaintiff's remaining contention is without merit.
MASTRO, J.P., RIVERA, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court