Kiani v Kiani (2021 NY Slip Op 04971)





Kiani v Kiani


2021 NY Slip Op 04971


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-14889
 (Index No. 202992/14)

[*1]Faiza Qamar Kiani, respondent, 
v
Muhammad Nauman Kiani, appellant.


Muhammad Nauman Kiani, Valley Stream, NY, appellant pro se.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), entered September 25, 2018. The judgment of divorce, upon decisions of the same court (George R. Peck, J.) dated March 15, 2018, and August 2, 2018, respectively, made after a nonjury trial, inter alia, directed the defendant to pay to the plaintiff the sum of $1,961.83 per month for child support and the sum of $14,250 per year for maintenance, directed the defendant to return the plaintiff's jewelry or pay her $5,000, awarded the plaintiff 50% of the monies in any of the defendant's credit accounts and 401(k) accounts, and awarded the plaintiff attorney's fees in the sum of $42,018.55.
ORDERED that the judgment of divorce is modified, on the law and the facts, (1) by deleting the provisions thereof directing the defendant to pay to the plaintiff the sum of $1,961.83 per month for child support, (2) by deleting the provision thereof directing the defendant to pay to the plaintiff the sum of $14,250 per year for maintenance, (3) by deleting the provision thereof awarding the plaintiff attorney's fees in the sum of $42,018.55, (4) by deleting the provision thereof directing the defendant to return the plaintiff's jewelry or pay her $5,000, and (5) by deleting the provision thereof awarding the plaintiff 50% of the monies in any of the defendant's credit accounts and 401(k) accounts; as so modified, the judgment of divorce is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith, and for entry of an appropriate amended judgment of divorce thereafter.
The plaintiff and the defendant were married in Pakistan on October 29, 2006. They have two children of the marriage, one born in 2008 and the other in 2011. The parties separated in June 2012, and the plaintiff commenced this action for a divorce and ancillary relief against the defendant in 2014, alleging an irretrievable breakdown of the parties' relationship for a period of at least six months.
The Supreme Court held a nonjury trial in August 2017 on the issues of child support, maintenance, attorney's fees, and equitable distribution. Following the trial, in decisions dated March 15, 2018, and August 2, 2018, respectively, the court, inter alia, determined that the defendant was obligated to pay to the plaintiff the sum of $1,961.83 per month for child support and $14,250 per year for maintenance, determined that the plaintiff was entitled to an award of $42,018.55 in attorney's fees, determined that the plaintiff was entitled to a credit of $22,000 for payments already made to reduce a mortgage and an award of 50% of the defendant's credit accounts and 401(k) [*2]accounts, and determined that the defendant was required to return the plaintiff's jewelry or pay her $5,000. Thereafter, a judgment of divorce was entered on September 25, 2018, upon the decisions. The defendant appeals from stated portions of the judgment of divorce.
The Supreme Court erred in calculating the defendant's child support obligation based on testimony regarding his yearly income instead of his most recent tax return. "The Child Support Standards Act requires the court to establish the parties' basic child support obligation as a function of the 'gross (total) income' that is, or should have been, reflected on the most recently filed income tax return (Family Ct Act § 413[1][b][5][i])" (Toscano v Toscano, 153 AD3d 1440, 1442; see Domestic Relations Law § 240[1-b][b][5][i]). Since the court failed to do so, the matter must be remitted to the Supreme Court, Nassau County, for a new determination of the amount of the defendant's child support obligation.
"The amount and duration of a maintenance award are a matter within the sound discretion of [the] Supreme Court, and the award will not be disturbed so long as the statutory factors and the parties' predivorce standard of living were properly considered" (Cervoni v Cervoni, 141 AD3d 918, 919 [internal quotation marks omitted]). "The court need not articulate every factor it considers, but it must provide a reasoned analysis of the factors it ultimately relies upon in awarding maintenance" (Pfister v Pfister, 146 AD3d 1135, 1137). Here, the court offered no explanation for its award of maintenance. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a new determination, with explanation, as to the amount, if any, of the defendant's maintenance obligation.
Additionally, the Supreme Court improperly calculated the parties' pro rata shares of the plaintiff's attorney's fees. "Although the matter of counsel fees is entrusted to the sound discretion of the trial court, it is nonetheless controlled by the equities of the case and the financial circumstances of the parties" (Popelaski v Popelaski, 22 AD3d 735, 738). Here, the income imputed by the Supreme Court to the parties to determine their pro rata shares of the plaintiff's attorney's fees was not supported by the record. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a new determination as to the amount, if any, to be awarded to the plaintiff for her attorney's fees.
Further, the Supreme Court erred in valuing the plaintiff's jewelry at $5,000, as no evidence exists in the record to support that valuation. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a determination as to the value of the plaintiff's jewelry.
Finally, the Supreme Court failed to explain which, if any, factors it considered in reaching its conclusion concerning equitable distribution of the defendant's credit accounts and 401(k) accounts. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a new determination, with explanation, as to the equitable division of the defendant's credit accounts and 401(k) accounts.
The defendant's remaining contention is without merit.
Accordingly, we modify the judgment of divorce and remit the matter to the Supreme Court, Nassau County, for further proceedings in accordance with the foregoing, and the entry of an appropriate amended judgment of divorce thereafter.
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court