Kattan v Kattan (2022 NY Slip Op 00856)





Kattan v Kattan


2022 NY Slip Op 00856


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-13619
2019-00142
 (Index No. 50082/09)

[*1]Steven Kattan, appellant,
v
Sharon Kattan, respondent.


Garr Silpe, P.C. (Glenn S. Koopersmith, Garden City, NY, of counsel), for appellant.
Mintz & Gold, LLP, New York, NY (Steven G. Mintz, Timothy H. Wolf, and Alex J. Otchy of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Delores J. Thomas, J.), dated September 18, 2018, and (2) stated portions of a judgment of divorce of the same court dated December 11, 2018. The order, insofar as appealed from, denied the plaintiff's motion to direct the defendant to return monies allegedly taken from certain accounts. The judgment of divorce, upon a decision of the same court dated May 3, 2018, made after a nonjury trial, inter alia, (1) awarded the defendant title to the marital residence and awarded the plaintiff the sum of only $1,637,500 for his interest in the marital residence; (2) awarded the defendant the sum of $1,190,301.18 for her contribution to the appreciation in value of the plaintiff's separate property in Deal, New Jersey; (3) awarded the defendant title to certain marital property on Ditmas Avenue in Brooklyn, and awarded the plaintiff the sum of only $532,294.27 for his interest in that property; (4) awarded the plaintiff the sum of only $807,408.60 for his interest in certain marital property on Avenue P in Brooklyn; (5) awarded the defendant the sum of $472,500 for her interest in certain marital property on 20th Avenue in Brooklyn; (6) failed to equitably distribute certain rental income generated by marital properties after commencement of the action; (7) failed to award the plaintiff credits for support payments made prior to the judgment of divorce; (8) awarded the defendant 30% of the appreciated value of the plaintiff's premarital interest in Madison Maidens and 50% of the plaintiff's postmarital interest in Madison Maidens; (9) awarded the defendant maintenance in the sum of $5,000 per month for a period of 18 months; (10) directed the plaintiff to pay the defendant basic child support in the sum of $2,250 per month plus 71.08% of statutory add-on expenses for the parties' unemancipated child; (11) failed to equitably distribute certain marital monies allegedly taken by the defendant in anticipation of the divorce; (12) awarded the defendant 50% of the cash surrender value of an AVIVA life insurance policy; and (13) failed to distribute a certain 401(k) plan.
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment of divorce is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff the sum of $1,637,500 for his interest in the marital residence, and substituting therefor a provision awarding [*2]the plaintiff the sum of $2,133,208.27 for his interest in the marital residence; (2) by deleting the provision thereof awarding the defendant the sum of $1,190,301.18 for her contributions to the appreciation in value of the plaintiff's separate property in Deal, New Jersey, and substituting therefor a provision awarding the defendant the sum of $595,150.59 for her contributions to the appreciation in value of that property; and (3) by deleting the provision thereof awarding the defendant the sum of $472,500 for her interest in certain marital property on 20th Avenue in Brooklyn, and substituting therefor a provision awarding the defendant $428,492.50 for her interest in that property; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment of divorce in the action (see Matter of Aho, 39 NY2d 241, 248). The issue raised on the appeal from the order is brought up for review and has been considered on the appeal from the judgment of divorce (see CPLR 5501[a][1]).
The parties were married in 1989 and have four children together, the youngest of whom is currently 20 years old. On January 8, 2009, the plaintiff commenced this action for a divorce and ancillary relief. The Supreme Court conducted a nonjury trial as to certain issues concerning equitable distribution, maintenance, and child support over 45 nonconsecutive days between May 9, 2011, and May 15, 2014, and thereafter issued a decision after trial dated May 3, 2018. A judgment of divorce dated December 11, 2018, was entered upon the decision. The plaintiff appeals.
"'Equitable distribution presents issues of fact to be resolved by the trial court and should not be disturbed on appeal unless shown to be an improvident exercise of discretion'" (Santamaria v Santamaria, 177 AD3d 802, 804, quoting Loria v Loria, 46 AD3d 768, 769-770). In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind in a close case that the trial court had the advantage of seeing the witnesses and hearing the testimony (see Kaufman v Kaufman, 189 AD3d 31, 56).
The Supreme Court providently exercised its discretion in awarding the defendant title to the marital residence and in calculating the plaintiff's 50% interest in that property based upon the value of that property as stipulated to by the parties during the trial of this action in 2012. "In any action for divorce . . . , the court may (1) determine any question as to the title to property arising between the parties, and (2) make such direction, between the parties, concerning the possession of property, as in the court's discretion justice requires having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law § 234). Pursuant to Domestic Relations Law § 236(B)(4)(b), the valuation date for an asset subject to equitable distribution "may be anytime from the date of commencement of the action to the date of trial" (see D'Angelo v D'Angelo, 14 AD3d 476, 477). Generally, where the asset to be valued is the marital residence, "the valuation date employed should be the date of trial" (Wegman v Wegman, 123 AD2d 220, 232).
Here, each party argued to the Supreme Court that they should be awarded title to the marital residence based on their respective emotional ties to the property. The court explained in its decision that it determined to award the defendant title to the marital residence upon consideration of the totality of the circumstances, including the court's distribution awards with respect to the remainder of the parties' marital property, and the defendant's position as custodial parent of the parties' then-unemancipated child (see Domestic Relations Law § 234; Bauman v Bauman, 132 AD3d 791; Wells v Wells, 151 AD2d 474; Dayanoff v Dayanoff, 118 AD2d 679; see also Strohli v Strohli, 174 AD3d 938, 945). Given that the court determined to award the wife title to the marital residence, rather than direct that the property be sold, the court properly calculated the husband's interest in the marital residence based upon the value of that property as was stipulated to by the parties at the time of trial (see Domestic Relations Law § 236[B][4][b]; cf. Marino v Marino, 183 AD3d 813; Opperisano v Opperisano, 35 AD3d 686).
However, the Supreme Court should have awarded the plaintiff a credit for separate [*3]property funds he used to purchase and renovate the marital residence (see Philogene v Delpe-Philogene, 195 AD3d 963; Spencer-Forrest v Forrest, 159 AD3d 762, 765; Ahearn v Ahearn, 137 AD3d 719, 720; Patete v Rodriguez, 109 AD3d 595, 597). The plaintiff's proof at trial established that he used $991,416.54 in separate property funds to purchase and renovate the marital residence. Accordingly, we modify the judgment so as to award the plaintiff the sum of $2,133,208.27 for his interest in the marital residence, constituting $991,416.54 in credits for his separate property contribution plus $1,141,791.73, which is 50% of the stipulated value of the marital residence of $3,275,000, as reduced by the amount of the plaintiff's separate property contribution.
The Supreme Court properly determined that the defendant was entitled to a distribution award for her contributions during the marriage to the appreciation in value of the plaintiff's separate property in Deal, New Jersey (hereianfter the Deal property). However, under the circumstances of this case, an award in the sum of $595,150.59, which represents 25% of the appreciation in value of the Deal property as determined by the court, is appropriate. "Under the equitable distribution statute, separate property is defined to include an increase in value of separate property, except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (Johnson v Chapin, 12 NY3d 461, 466). "When the nontitled spouse makes direct financial contributions to the property and/or direct nonfinancial contributions to the property such as by personally maintaining, making improvements to, or renovating a marital residence, or the appreciation is the result of both parties' efforts, appreciation due to those efforts constitutes marital property subject to equitable distribution" (Weidman v Weidman, 162 AD3d 720, 725 [internal quotation marks omitted]; see Scher v Scher, 91 AD3d 842, 844). Here, the evidence at trial demonstrated that the Deal property was worth $750,000 at the time it was inherited by the plaintiff during the parties' marriage, that the parties performed renovations to the Deal property during the marriage which totaled approximately $300,000, and that the Deal property had significantly appreciated in value during the marriage, such that it was worth $3,600,000 at the time of commencement. However, the evidence also demonstrated that the Deal property was located a mere three lots from the beach in a highly desirable locale, and the defendant's own expert testified that the bulk of the property's value was attributable to the land itself and not to the improvements thereon. Accordingly, we modify the judgment so as to reduce the defendant's award of $1,190,301.18 for her contribution to the appreciation in value of the Deal property, representing 50% of the appreciation in value of the Deal property as determined by the court, to $595,150.59, representing 25% of that appreciation (see Johnson v Chapin, 12 NY3d at 466; Weidman v Weidman, 162 AD3d 720).
The Supreme Court providently exercised its discretion in awarding the defendant 30% of the appreciated value of the plaintiff's premarital 33.3% interest in a business known as Madison Maidens. The defendant's evidence sufficiently established that she made both direct and indirect contributions to this business during the course of the parties' marriage (see Klestadt v Klestadt, 182 AD3d 592; Westbrook v Westbrook, 164 AD3d 939, 942; Katz v Katz, 153 AD3d 912; Repetti v Repetti, 147 AD3d 1094, 1098). The court also providently exercised its discretion in awarding the defendant 50% of the plaintiff's additional 6.67% interest in Madison Maidens, which the plaintiff acquired during the parties' marriage (see Turco v Turco, 117 AD3d 719, 721).
The Supreme Court providently exercised its discretion in valuing the income-producing marital property located on Avenue P in Brooklyn, and in awarding the plaintiff the sum of only $807,408.60 for his interest in that property. "Ultimately, 'valuation remains largely a question of fact, and the courts have considerable discretion in reviewing the relevant evidence as to the specific property before them'" (Matter of Mill Riv. Club v Board of Assessors, 48 AD3d 169, 177, quoting Matter of Consolidated Edison Co. of N.Y., Inc. v City of New York, 8 NY3d 591, 597). Here, the court's valuation utilized the income capitalization approach, and was based upon the net operating income for this property as advanced by the plaintiff's own expert at trial (see 41 Kew Gardens Rd. Assoc. v Tyburski, 70 NY2d 325, 330-331; Matter of Conifer Baldwinsville Assoc. v Town of Van Buren, 115 AD2d 325, 326, affd 68 NY2d 783). Contrary to the plaintiff's contention, the court providently exercised its discretion in crediting the defendant's expert in applying a capitalization rate of 7.33%, which was properly based upon that expert's appraisal of the property at the time of commencement (see Madonna v Madonna, 265 AD2d 455, 455).
The Supreme Court improvidently exercised its discretion in calculating the defendant's 50% interest in the marital property located on 20th Avenue in Brooklyn (hereinafter the 20th Avenue property) based upon valuation figures which relied upon the amount of the outstanding mortgage on that property which existed at the time of trial in 2011. Subtracting the mortgage balance for the 20th Avenue property as of the date of commencement from the value of the property as determined by the court, the net value from which the defendant's 50% interest should be calculated amounts to $856,985. Accordingly, we modify the judgment so as to award the defendant the sum of $428,492.50 for her 50% interest in the 20th Avenue property.
The Supreme Court providently exercised its discretion in awarding the defendant maintenance in the sum of $5,000 per month for a period of 18 months. "The amount and duration of spousal maintenance is an issue generally committed to the sound discretion of the trial court and each case is to be resolved upon its own unique facts and circumstances" (Silvers v Silvers, 197 AD3d 1195, 1199; see Alam v Alam, 168 AD3d 896, 896; Carr-Harris v Carr-Harris, 98 AD3d 548, 551). "'The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting'" (Sansone v Sansone, 144 AD3d 885, 886, quoting Sirgant v Sirgant, 43 AD3d 1034, 1035). Upon consideration of the length of the parties' marriage and the lifestyle they enjoyed, the age of the parties, the defendant's lack of work history, and the court's equitable distribution award, we decline to disturb the court's award of maintenance.
Contrary to the plaintiff's contention, the Supreme Court properly calculated child support for the parties' youngest child based upon tax returns filed and other evidence of income earned by the parties in 2011 (see Domestic Relations Law § 240[1-b][b][5][i]).
The plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal.
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court