Schlosser v Schlosser (2023 NY Slip Op 04678)

Schlosser v Schlosser

2023 NY Slip Op 04678

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-02333
 (Index No. 715734/20)

[*1]Ronald Schlosser, respondent,
v
Emanuelly Souza Schlosser, appellant.

Tzorzatos Law, PLLC, Bayside, NY (Dimitra Tzortzatos of counsel), for appellant.
Sager Gellerman Eisner, LLP, Forest Hills, NY (Alyssa Eisner and Esther Chyzyk Bernheim of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated March 3, 2016, the defendant appeals from on order of the Supreme Court, Queens County (Jodi Orlow, J.), dated March 22, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was, in effect, to limit the defendant's distributive award from the sale of the marital residence to the sum of $700,000, and denied that branch of the defendant's cross-motion which was for a determination that the marital residence was her separate property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married on July 8, 2011, and have two children. Prior to their marriage, the parties entered into a prenuptial agreement dated June 15, 2011. The prenuptial agreement stated that, upon a "termination event," which was defined as, among other things, the commencement of a divorce action, the parties' marital property would be divided equally between them. However, the prenuptial agreement excluded the marital residence and any debt on the marital residence from the provision requiring equal division.
With respect to the marital residence, the prenuptial agreement stated that the plaintiff would contribute the sum of $700,000 toward the purchase of the marital residence. The prenuptial agreement also provided that if the purchase price of the marital residence was $700,000 or less, title to the marital residence was to be placed in the sole name of the defendant, but if the purchase price was more than $700,000, then title to the marital residence was to be placed in the joint names of the parties. The prenuptial agreement stated that, if a termination event occurred prior to the fifth anniversary of the marriage, the defendant would receive a "Residence Payment" not to exceed $700,000 upon the sale of the marital residence. However, the prenuptial agreement further provided that, "[i]n lieu of the Residence Payment," the plaintiff "may, in his sole discretion, cede to [the defendant] all the parties' right, title, and interest, in and to the Marital Residence."
In December 2011, a condominium which became the parties' marital residence was purchased for approximately $1,600,000. The plaintiff provided a down payment in the sum of $700,000 and financed the remainder of the purchase price with a mortgage in his sole name. However, despite the fact that the purchase price was more than $700,000, title to the marital [*2]residence was placed in the sole name of the defendant.
In April 2013, the plaintiff commenced an action for divorce. On October 23, 2014, the parties entered into a stipulation of settlement which provided, inter alia, that marital property was to be distributed in accordance with the prenuptial agreement. The prenuptial agreement and the stipulation of settlement were incorporated but not merged into a judgment of divorce, dated March 3, 2016.
In June 2020, the defendant advised the plaintiff that she was vacating the marital residence and putting it up for sale, whereupon a dispute arose over the distribution of the proceeds from the sale of the marital residence. Thereafter, the plaintiff moved, among other things, in effect, to limit the defendant's distributive award from the sale of the marital residence to the sum of $700,000, contending that, since the action for divorce was commenced prior to the fifth anniversary of the marriage, the defendant was only entitled to $700,000 from the sale of the condominium. The defendant cross-moved, inter alia, for a determination that the marital residence was her separate property. The defendant contended that title to the condominium was in her sole name, and that the prenuptial agreement provided that all property in the sole name of a party was separate property, and that the plaintiff, in his discretion, could "cede to [the defendant] all the parties' right, title, and interest, in and to the Marital Residence." The Supreme Court, among other things, granted that branch of the plaintiff's motion which was, in effect, to limit the defendant's distributive award from the sale of the marital residence to the sum of $700,000, and denied that branch of the defendant's cross-motion which was for a determination that the marital residence was her separate property. The court concluded that the parties' intent in the prenuptial agreement was that the provisions regarding the division of marital and separate property would not apply to the marital residence, since the prenuptial agreement contained specific provisions governing the division of the marital residence. The defendant appeals.
"As with all contracts, prenuptial agreements are construed in accord with the parties' intent, which is generally gleaned from what is expressed in their writing (Van Kipnis v Van Kipnis, 11 NY3d 573, 577; see Bennett v Bennett, 103 AD3d 825, 826). "Where a prenuptial agreement is clear and unambiguous on its face, the intent of the parties is gleaned from the four corners of the writing as a whole with a practical interpretation of the language employed so that the parties' reasonable expectations are met" (Katsaros v Katsaros, 80 AD3d 666, 667; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162; Abramson v Gavares, 109 AD3d 849, 850; Monter v Balog, 104 AD3d 653, 654).
Here, the stipulation of settlement of the divorce action provided that marital property was to be distributed pursuant to the terms of the prenuptial agreement. However, the prenuptial agreement stated that the paragraph applicable to distribution of marital property did not apply to the distribution of the marital residence. The provisions applicable to the distribution of the marital residence stated that, if the action for divorce was commenced prior to the fifth anniversary of the marriage, the maximum residence payment was $700,000, but that the plaintiff, in his sole discretion, could cede the marital residence to the defendant in lieu of a residence payment.
When the marital residence was purchased, the plaintiff did allow title to be placed solely in the defendant's name. However, at that time no divorce action was pending, therefore granting the defendant sole title to the marital residence could not be considered a distributive award. The clear intent of the prenuptial agreement was to limit the defendant's share of the marital residence to the sum of $700,000, and to rule otherwise would indeed grant the defendant a windfall, since the plaintiff remains solely responsible for the mortgage on the marital residence.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was, in effect, to limit the defendant's distributive award from the sale of the marital residence to the sum of $700,000, and denied that branch of the defendant's cross-motion which was for a determination that the marital residence was her separate property.
The parties' remaining contentions either are without merit or need not be reached [*3]in light of our determination.
BARROS, J.P., MALTESE, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court