Kirshner v Kirshner (2024 NY Slip Op 03475)

Kirshner v Kirshner

2024 NY Slip Op 03475

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2020-02375
 (Index No. 202180/13)

[*1]Jay Kirshner, respondent, 
v
Melissa Kirshner, appellant.

Jeffrey S. Schecter & Associates, P.C., Garden City, NY (Bryce R. Levine of counsel), for appellant.
Marnell Law Group, P.C., Melville, NY (Russell I. Marnell of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Stacy D. Bennett, J.), entered January 27, 2020. The judgment of divorce, upon a decision of the same court dated July 3, 2019, made after a nonjury trial, inter alia, (1) awarded the plaintiff a credit in the sum of $550,000 for the defendant's wasteful dissipation of assets with respect to the defendant's use of marital funds to purchase a car wash, (2) awarded the plaintiff attorneys' fees in the sum of $5,000 in connection with a cross-motion, inter alia, to hold the defendant in contempt, (3) failed to award the defendant a credit in the sum of $125,000 for the plaintiff's use of funds from a joint checking account to purchase a pharmacy, (4) failed to award the defendant a credit in the sum of $13,871.50, representing one-half of the 2012 state tax refund retained by the plaintiff, (5) failed to award the defendant a credit in the sum of $85,000, representing one-half of the legal fees paid to defend the plaintiff in a criminal proceeding during the marriage, and (6) valued certain retirement assets as of the date of the commencement of the action when making an equitable distribution award.
ORDERED that the judgment of divorce is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff a credit in the sum of $550,000 for the defendant's wasteful dissipation of assets with respect to the defendant's use of marital funds to purchase a car wash, and substituting therefor a provision awarding the parties an equal share of the proceeds from the sale of the car wash, (2) by deleting the provision thereof awarding the plaintiff attorneys' fees in the sum of $5,000 in connection with a cross-motion, inter alia, to hold the defendant in contempt, (3) by adding thereto a provision awarding the defendant a credit in the sum of $125,000 for the plaintiff's use of funds from a joint checking account to purchase a pharmacy, and (4) by adding thereto a provision awarding the defendant a credit in the sum of $13,871.50, representing one-half of the 2012 state tax refund retained by the plaintiff; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in August 2001 and have three children. Prior to the marriage, the parties executed a prenuptial agreement. In August 2013, the plaintiff commenced this action for a divorce and ancillary relief. Following a nonjury trial on the issue of equitable distribution, among other things, a judgment of divorce was entered on January 27, 2020. The [*2]defendant appeals from stated portions of the judgment of divorce.
"The Domestic Relations Law recognizes that the marriage relationship is an economic partnership. As such, during the life of a marriage spouses share in both its profits and losses. When the marriage comes to an end, courts are required to equitably distribute not only the assets remaining from the marriage, but also the liabilities" (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 420). "'Equitable distribution presents issues of fact to be resolved by the trial court and should not be disturbed on appeal unless shown to be an improvident exercise of discretion'" (Kattan v Kattan, 202 AD3d 771, 773, quoting Santamaria v Santamaria,177 AD3d 802, 804). "In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind in a close case that the trial court had the advantage of seeing the witnesses and hearing the testimony" (Kattan v Kattan, 202 AD3d at 773). "'Courts should not second-guess the economic decisions made during the course of a marriage, but rather should equitably distribute the assets and obligations remaining once the relationship is at an end'" (Westreich v Westreich, 169 AD3d 972, 976, quoting Mahoney-Buntzman v Buntzman, 12 NY3d at 421).
The Supreme Court improvidently exercised its discretion in awarding the plaintiff a credit in the sum of $550,000 for the defendant's alleged wasteful dissipation of assets with respect to her use of marital funds to purchase a car wash. "The party alleging that his or her spouse has engaged in wasteful dissipation of marital assets bears the burden of proving such waste by a preponderance of the evidence" (Silvers v Silvers, 197 AD3d 1195, 1198 [internal quotation marks omitted]; see Epstein v Messner, 73 AD3d 843, 846). Here, the plaintiff failed to meet his burden of proving that the defendant's purchase of the car wash constituted marital waste, as the record discloses that the car wash was purchased with the plaintiff's consent to provide a source of income for the family during the plaintiff's incarceration in federal prison and to afford him a place to work upon his release. Moreover, although the defendant sold the car wash at a loss during the pendency of this action, an unsuccessful investment into a business interest during a marriage is "not subject to scrutiny in the absence of any evidence that [a party] acted recklessly or in bad faith" (Parker v Parker, 216 AD3d 433, 435). The record does not indicate that the defendant's sale of the car wash was done recklessly or in bad fath. Notwithstanding that the car wash was sold in contravention of an order restraining the transfer of marital assets, the plaintiff had previously agreed to sell the car wash for the same purchase price ultimately obtained by the defendant. Accordingly, as there is no dispute that the car wash constituted marital property, we modify the judgment so as to award the parties an equal share of the proceeds from the sale of the car wash.
The Supreme Court also should not have awarded the plaintiff attorneys' fees in the sum of $5,000, which allegedly were incurred in connection with his cross-motion, inter alia, to hold the defendant in contempt for her sale of the car wash. The plaintiff failed to submit adequate documentation of the attorneys' fees incurred in connection with making that cross-motion (see Weinschneider v Weinschneider, 50 AD3d 1128, 1129-1130; Wong v Wong, 300 AD2d 473, 474).
The Supreme Court should have awarded the defendant a credit for one-half of the 2012 state tax refund retained by the plaintiff. The plaintiff conceded at trial that he paid his estimated 2012 state tax liability in the sum of $27,743 from marital funds, which funds were subsequently refunded to him. Because the plaintiff's 2012 state tax liability was paid with marital property, the refund is also marital property (see Lueker v Lueker, 72 AD3d 655, 657). Therefore, the defendant was entitled to a credit in the sum of $13,871.50, representing one-half of the 2012 state tax refund retained by the plaintiff.
The Supreme Court also should have awarded the defendant a credit in the sum of $125,000, representing one-half of the funds paid by the plaintiff from the parties' joint checking account to reacquire a pharmacy that he had sold to his mother during the marriage and that remained his separate property. There is a presumption that commingled property is marital property, and separate property "may become marital property if commingled in, for example, a joint account" (Renck v Renck, 131 AD3d 1146, 1148). "To overcome a presumption that commingled property is marital property, the party asserting that the property is separate must establish by clear and [*3]convincing evidence that the property originated solely as separate property and the joint account was created only as a matter of convenience, without the intention of creating a beneficial interest" (id. at 1149). Here, the record reflects that the plaintiff paid his mother the sum of $250,000 from the parties' joint checking account to reacquire the pharmacy, and the plaintiff failed to establish that the funds in the joint checking account had been commingled solely for convenience without an intention of creating a marital beneficial interest (see Pappas v Pappas, 140 AD3d 838, 840; Renck v Renck, 131 AD3d at 1149).
The Supreme Court providently exercised its discretion in denying the defendant a credit for one-half of $170,000 in legal fees paid during the marriage in connection with the plaintiff's defense to federal criminal charges of health insurance fraud. The plaintiff ultimately pleaded guilty to one count of health care fraud. The impact of one spouse's criminal activity may be considered in determining issues of equitable distribution under proper circumstances (see Linda G. v James G., 156 AD3d 25), and the legal fees here were incurred by the plaintiff in connection with wrongdoing involving his separate property (see Silvers v Silvers, 197 AD3d 1195; Burnett v Burnett, 101 AD3d 1417). However, the defendant failed to introduce evidence of the source of the funds used to pay the legal fees and, therefore, failed to establish that the legal fees were paid with marital funds and not with the plaintiff's separate property (see Silvers v Silvers, 197 AD3d 1195). Thus, under the circumstances of this case, the defendant failed to demonstrate her entitlement to this credit.
The Supreme Court also providently exercised its discretion in denying the defendant a credit in the sum of $10,000, representing one-half of a $20,000 payment made by the plaintiff to his alleged paramour during the marriage. With regard to this sum, the defendant similarly provided no evidence that the plaintiff used marital property and not his separate property when making this payment (see Rosen v Rosen, 192 AD3d 710, 713).
The Supreme Court properly determined that the defendant was not entitled to an award for the appreciation in value of certain separate property retirement assets identified in the prenuptial agreement following the date of the commencement of this action, including the cash surrender value of the plaintiff's life insurance policy. "'As with all contracts, prenuptial agreements are construed in accord with the parties' intent, which is generally gleaned from what is expressed in their writing'" (Schlosser v Schlosser, 219 AD3d 1455, 1457, quoting Van Kipnis v Van Kipnis, 11 NY3d 573, 577). "'Where a prenuptial agreement is clear and unambiguous on its face, the intent of the parties is gleaned from the four corners of the writing as a whole with a practical interpretation of the language employed so that the parties' reasonable expectations are met'" (Schlosser v Schlosser, 219 AD3d at 1457, quoting Katsaros v Katsaros, 80 AD3d 666, 667).
Here, the prenuptial agreement obligated the plaintiff to maintain a life insurance policy naming the defendant as a beneficiary "[f]rom and after the date of the marriage of the parties, and until there is a separation event," and provides that in the event of a "separation event," all marital property, including the increase in value of the plaintiff's separate property retirement accounts, shall be equally divided between the parties. The prenuptial agreement defines a "separation event" as the earlier of "the commencement of an action or proceeding by either party which seeks a . . . divorce" or the voluntary separation of the parties for a period of not less than 90 days. Affording this language its practical interpretation, the Supreme Court properly determined that the defendant was entitled to a distributive award for the value of these assets to the extent they constituted marital property calculated as of the date of the commencement of this action.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court