Fleurantin v Fleurantin (2025 NY Slip Op 06847)

Fleurantin v Fleurantin

2025 NY Slip Op 06847

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2023-10061
2023-10423
 (Index No. 62409/20)

[*1]Moya Fleurantin, respondent, 
vRalph Fleurantin, appellant.

Gallet Dreyer & Berkey, LLP, New York, NY (Kenneth S. Glasser of counsel), for appellant.
Alber Sklavos, P.C., Huntington Station, NY (Alexander E. Sklavos of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from (1) a decision of the Supreme Court, Westchester County (Robert S. Ondrovic, J.), dated August 7, 2023, and (2) a judgment of annulment of the same court dated September 15, 2023. The judgment of annulment, insofar as appealed from, upon the decision, made after a nonjury trial, (1) awarded the plaintiff 10% equitable distribution in certain marital properties and businesses, (2) awarded the plaintiff 50% of the appraised value of certain real property located in New Rochelle, (3) awarded the plaintiff maintenance in the amount of $2,440.59 per month for 55 months, and (4) directed the defendant to pay the amount of $4,323.41 per month in child support and 74% of certain add-on expenses.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment of annulment is modified, on the law, by deleting the provision thereof directing the defendant to pay child support in the amount of $4,323.41 per month and 74% of certain add-on expenses; as so modified, the judgment of annulment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the defendant's child support obligation in accordance herewith and the entry of an appropriate amended judgment of annulment thereafter.
The parties were purportedly married in June 2005 and had two children, born in 2005 and 2012. The plaintiff commenced this action for a divorce and ancillary relief in October 2020; however, the marriage was determined to be void ab initio because the defendant was still married to his first wife. After a nonjury trial on the issues of maintenance, child support, and equitable distribution, the Supreme Court, inter alia, imputed an annual income of $250,000 to the defendant, awarded the plaintiff maintenance in the amount of $2,440.59 per month for 55 months and child support in the amount of $4,323.41 per month, directed the defendant to pay 74% of certain add-on expenses, and equitably distributed certain real property located in Florida, Pennsylvania, and New York, as well as two businesses. The defendant appeals.
"In determining a party's maintenance and child support obligations, a court 'need not rely upon a party's own account of his [or her] finances, but may impute income based upon the party's past income or demonstrated future potential earnings'" (Anyanwu v Anyanwu, 216 AD3d 1128, 1129 [internal quotation marks omitted], quoting Tuchman v Tuchman, 201 AD3d 986, 990; see Novick v Novick, 214 AD3d 995, 996). "The court has considerable discretion in determining whether income should be imputed to a party and the court's credibility determinations are accorded deference on appeal" (Matter of Monti v DiBedendetto, 151 AD3d 864, 866; see Tuchman v Tuchman, 201 AD3d at 990).
"The Child Support Standards Act [(Domestic Relations Law § 240[1-b])] sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" known as the statutory cap (Matter of Butta v Realbuto, 214 AD3d 973, 974 [internal quotation marks omitted]; see Domestic Relations Law § 240[1-b][c]; Matter of Freeman v Freeman, 71 AD3d 1143, 1144). In computing parental income, certain deductions are allowed pursuant to Domestic Relations Law § 240(1-b), including maintenance paid to a spouse and Federal Insurance Contributions Act taxes actually paid (see id. § 240[1-b][b][5][vii][C], [H]; Sinnott v Sinnott, 194 AD3d 868, 873).
Here, the Supreme Court's determination to impute an annual income to the defendant in the sum of $250,000 for the purposes of calculating child support and maintenance was supported by the record (see Anyanwu v Anyanwu, 216 AD3d at 1129; Tuchman v Tuchman, 201 AD3d at 990). The court, however, erred in determining the combined annual income of the parties for child support purposes (see Sinnott v Sinnott, 194 AD3d at 874; Boltz v Boltz, 178 AD3d 656, 658). The defendant is correct that certain statutory deductions were not applied to his imputed income, including for spousal maintenance that he paid (see Domestic Relations Law § 240[1-b][b][5][vii][C]). Accordingly, the matter must be remitted for a new determination of the combined annual income of the parties and the defendant's child support obligation.
"'As this action was commenced after January 23, 2016, it is governed by amendments to the calculation of postdivorce maintenance set forth in part B of section 236 of the Domestic Relations Law (see L 2015, ch 269, § 4). Where . . . the payor's income exceeds the statutory income cap . . . (see Domestic Relations Law § 236[B][6][b][4]), the court shall determine the guideline amount of postdivorce maintenance by performing the calculations set forth in Domestic Relations Law § 236(B)(6)(c), and then shall determine whether to award additional maintenance for income exceeding the cap by considering the factors set forth in Domestic Relations Law § 236(B)(6)(e)(1) and setting forth the factors it considered'" (Albano v Albano, 230 AD3d 723, 725, quoting Novick v Novick, 214 AD3d at 997; see Domestic Relations Law § 236[B][6][d][1]-[3]). Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in awarding the plaintiff maintenance based on income imputed to the defendant (see Albano v Albano, 230 AD3d at 724; Novick v Novick, 214 AD3d at 996). Moreover, "[t]he court need not articulate every factor it considers, but it must provide a reasoned analysis of the factors it ultimately relies upon in awarding maintenance" (Kiani v Kiani, 197 AD3d 1168, 1170 [internal quotation marks omitted]). Here, considering the relevant factors, as reflected in the record, including the lifestyle the plaintiff was used to during the purported marriage, the actual length of the purported marriage, the plaintiff's status as a stay-at-home mother during the relationship, and the plaintiff's current income of $49,000 per year, the court providently exercised its discretion in awarding the plaintiff maintenance in the amount of $2,440.59 per month for 55 months (see Domestic Relations Law § 236[B][6][e][1]; Novick v Novick, 214 AD3d at 997; Kattan v Kattan, 202 AD3d 771, 776).
"Domestic Relations Law § 236 mandates that the equitable distribution of marital assets be based on the circumstances of the particular case and directs the courts to consider a number of statutory factors" (Shvalb v Rubinshtein, 204 AD3d 1059, 1061 [internal quotation marks omitted]; see Domestic Relations Law § 236[B][5][c], [d]). "While 'the Supreme Court is required to discuss the statutory factors it relied upon in distributing marital property,' where 'it is evident that the Supreme Court considered all relevant factors and the reasons for its decision are articulated, the court is not required to specifically cite to and analyze each statutory factor'" (Fishman v Fishman, [*2]186 AD3d 1199, 1201 [internal quotation marks omitted], quoting Spera v Spera, 71 AD3d 661, 662; see Domestic Relations Law § 236[B][5][g]; Sufia v Khalique, 189 AD3d 1499, 1500). "Equitable distribution presents issues of fact to be resolved by the trial court and should not be disturbed on appeal unless shown to be an improvident exercise of discretion" (Kattan v Kattan, 202 AD3d at 773 [internal quotation marks omitted]; see Varnit v Varnit, 233 AD3d 917, 922; Habib v Habib, 227 AD3d 874, 877). "The distribution of marital assets depends not only on the financial contribution of the parties but also on a wide range of nonremunerated services to the joint enterprise, such as homemaking, raising children and providing the emotional and moral support necessary to sustain the other spouse in coping with the vicissitudes of life outside the home" (Novick v Novick, 214 AD3d at 998 [internal quotation marks omitted]; see Lieberman-Massoni v Massoni, 215 AD3d 656, 660). "Valuation is an exercise properly within the fact-finding power of the trial court, guided by expert testimony" (Lieberman-Massoni v Massoni, 215 AD3d at 659 [internal quotation marks omitted]; see Rigas v Rigas, 227 AD3d 1017, 1018). Further, "[o]nce property is classified as marital, the trial court has broad discretion to select an appropriate date between the date of commencement of the action and the date of trial for measuring the value of the property" (Habib v Habib, 227 AD3d at 878; see Kattan v Kattan, 202 AD3d at 773).
Here, contrary to the defendant's contention, the record demonstrates that the Supreme Court considered and applied a number of the relevant statutory factors set forth in Domestic Relations Law § 236(B)(5)(d) in making its equitable distribution determination (see Kattan v Kattan, 202 AD3d at 773; Fishman v Fishman, 186 AD3d at 1201). The court providently exercised its discretion in awarding the plaintiff 50% of the value of the property located in New York and 10% of the two businesses and the properties located in Florida and Pennsylvania, as they were purchased or started during the purported marriage and because of the plaintiff's contributions as a stay-at-home mother. Moreover, the court did not engage in impermissible double counting by distributing a share of the defendant's businesses to the plaintiff in addition to maintenance, as the defendant's businesses were tangible, income-producing assets (see Albano v Albano, 230 AD3d at 727; Novick v Novick, 214 AD3d at 998; Palydowycz v Palydowycz, 138 AD3d 810, 813).
The defendant's remaining contention is without merit.
Accordingly, we modify the judgment of annulment to the extent of deleting the provision thereof directing the defendant to pay child support in the amount of $4,323.41 per month and 74% of certain add-on expenses, otherwise affirm the judgment, and remit the matter to the Supreme Court, Westchester County, for a new determination of the defendant's child support obligation in accordance herewith and the entry of an appropriate amended judgment of annulment thereafter.
LASALLE, P.J., FORD, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court