■ JANIS A. MARTIN, Respondent, v BRADLEY K. MARTIN, Appellant. [681 NYS2d 587] —In a matrimonial action in which the parties were divorced by judgment entered September 13, 1984, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Friedenberg, J.H.O.), dated August 21, 1997, as granted those branches of the mother's motion which were for (1) leave to enter a money judgment in the sum of $17,700 in arrears on his child support obligation, (2) interest on the arrears, and (3) counsel fees in the amount of $7,500, and determined that the subject children are not emancipated.

Ordered that the order is modified by deleting the provision thereof stating that the subject children are not emancipated; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff mother moved pursuant to Domestic Relations Law § 244, for leave to enter a money judgment for arrears on a support provision of the parties' judgment of divorce, which judgment did not provide for the termination of child support upon the emancipation of the parties' children. On such a motion, the Judicial Hearing Officer had no jurisdiction to find that the parties' children were not emancipated. Neither does this Court make any finding on the issue of emancipation. The father's assertion that his children were emancipated was no defense to the entry of a money judgment, and should not have been entertained at the hearing on the wife's motion. The father made no application to modify the support provision in

the judgment of divorce (*see, Johnston v Johnston,* 115 AD2d 520), and the parties' separation agreement, which addresses the issue of emancipation, was not incorporated into the divorce judgment (*see, Baker v Baker,* 66 NY2d 649; *Vale v Vale,* 146 AD2d 696; *Petritis v Petritis,* 131 AD2d 651; *Sileo v Sileo,* 115 AD2d 535).

Counsel fees were properly awarded pursuant to Domestic Relations Law § 238, given the parties' respective incomes and the merits of the parties' respective arguments (*cf., DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Linda R. v Richard E.,* 176 AD2d 312).

The father's contention that pre-judgment interest on the arrears was improperly awarded as he was not in willful violation of the support provisions of the divorce judgment is not properly before this Court, having been raised for the first time on appeal (*see, Green v Dunne,* 232 AD2d 610; *Rosario v New York City Hous. Auth.,* 230 AD2d 900; *cf., Maggio v Becca Constr. Co.,* 229 AD2d 426). In any event, we find that, where the father had the means to pay the support (*cf., Messina v Messina,* 143 AD2d 735), and failed to take any action to effectuate a downward modification of the obligation, his behavior in unilaterally reducing the amount of his payments was willful.

The father's remaining contentions provide no basis for reversal or further modification of the order. Rosenblatt, J. P., Miller, Altman and Friedmann, JJ., concur.