Kamm v Kamm (2020 NY Slip Op 02465)





Kamm v Kamm


2020 NY Slip Op 02465


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-02226
 (Index No. 202717/11)

[*1]Scott Kamm, appellant,
v Cynthia Kamm, respondent.


Simonetti & Associates, Woodbury, NY (Louis F. Simonetti, Jr., and Timothy J. Fallon of counsel), for appellant.
Parola & Gross, LLP, Wantagh, NY (Barry J. Gross of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), dated December 30, 2016. The judgment of divorce, insofar as appealed from, upon a decision of the same court (Geoffrey J. O'Connell, J.H.O.) dated July 18, 2016, made after a nonjury trial, inter alia, equitably distributed the parties' marital property and awarded the defendant maintenance.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married on September 9, 1984, and have two now-emancipated children together. During the marriage, the plaintiff opened a jewelry business by selling the parties' assets, including the parties' townhouse and the defendant's engagement ring. The plaintiff operated the jewelry business as the parties' primary source of income. The defendant, who had worked as a credit investigator at the time of the marriage, left her employment to serve as a homemaker and caregiver for the parties' children. In 1999, the parties separated but agreed that the plaintiff would financially support the defendant and the children, and that the defendant would live with and take care of the children. This arrangement between the parties existed for approximately 10 years.
In September 2011, the plaintiff commenced this action against the defendant for a divorce and ancillary relief. As is relevant to the appeal, by judgment of divorce dated December 30, 2016, the Supreme Court, after a nonjury trial, inter alia, awarded the defendant the sum of $170,000, representing a one-third interest in the parties' jewelry business, and directed the plaintiff to pay maintenance to the defendant in the amount of $3,500 per month through June 2019, and thereafter, $3,000 per month through June 2022. The plaintiff appeals from those portions of the judgment of divorce.
"The trial court is vested with broad discretion in making an equitable distribution of marital property and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Saleh v Saleh, 40 AD3d 617, 617-618 [citation and internal quotation marks omitted]). "Moreover, where, as here, the determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of [*2]witnesses is afforded great weight on appeal" (Linenschmidt v Linenschmidt, 163 AD3d 949, 950). "While equitable distribution does not necessarily mean equal distribution, when both spouses have made significant contributions to a marriage of long duration, the division of marital property should be as equal as possible" (Eschemuller v Eschemuller, 167 AD3d 983, 984-985).
Contrary to the plaintiff's contentions, an award of one third of the value of the jewelry business constitutes an appropriate equitable distribution of that property. The defendant's own property (her engagement ring) and the parties' joint property (their townhouse) were used to purchase the jewelry business. Moreover, the business benefitted from the defendant's indirect contribution as a stay-at-home parent, and such contribution entitled her to an equitable share in the business (see Goodman v Lempa, 168 AD3d 914, 914-915; Eschemuller v Eschemuller, 167 AD3d at 985).
We also agree with the Supreme Court's determination regarding maintenance. "The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (Culen v Culen, 157 AD3d 926, 928). "The court may order maintenance in such amount as justice requires, considering, among other factors, the standard of living of the parties during the marriage, the distribution of marital property, the duration of the marriage, the health and present and future earning capacity of the parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (id. at 928, citing Domestic Relations Law former § 236[B][6][a]).
Here, the Supreme Court determined that the plaintiff had an annual income considerably greater than that reflected in his tax returns and statements of net worth. To the extent that the court found the plaintiff's testimony regarding his income internally inconsistent, unreliable, or incredible, that credibility assessment should be afforded great weight on appeal (see Linenschmidt v Linenschmidt, 163 AD3d at 950). " A court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed'" (Scammacca v Scammacca, 15 AD3d 382, 382, quoting Rohrs v Rohrs, 297 AD2d 317, 318). Moreover, the court properly considered the remaining factors enumerated in Domestic Relations Law former § 236(B)(6)(a), including the 27-year duration of the marriage, the distributive award of one third of the value of the jewelry business, the defendant's poor prospects for future employment and prolonged absence from the work force, and her modest standard of living in its determination of the amount and duration of maintenance (see Culen v Culen, 157 AD3d at 928-929; Sutaria v Sutaria, 123 AD3d 909, 911).
The plaintiff's remaining contentions are without merit.
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court