Fishman v Fishman (2020 NY Slip Op 04827)





Fishman v Fishman


2020 NY Slip Op 04827


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2017-06736
 (Index No. 1022/13)

[*1]Tzvi Fishman, appellant,
v
Toby Fishman, respondent.


Esther Noe Engelson, Suffern, NY, for appellant.
Law Offices of Bruce W. Minsky, P.C., New Hempstead, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of a second amended judgment of divorce of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), entered June 12, 2017. The second amended judgment of divorce, insofar as appealed from, upon a decision of the same court dated June 8, 2016, made after a nonjury trial, inter alia, awarded the defendant maintenance in the sum of $1,750 per month, ending two years from July 1, 2016, directed the plaintiff to pay child support in the sum of $2,503.84 per month, equitably distributed the marital property, and awarded the defendant counsel fees in the sum of $25,000.
ORDERED that the second amended judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in November 2004, and have two children. After approximately nine years of marriage, the plaintiff commenced this action for a divorce and ancillary relief. The Supreme Court conducted a nonjury trial, and subsequently issued a second amended judgment entered June 12, 2017, upon a decision dated June 8, 2016. The second amended judgment, inter alia, awarded the defendant maintenance in the sum of $1,750 per month, ending two years from July 1, 2016, directed the plaintiff to pay child support in the sum of $2,503.84 per month, equitably distributed the marital property, and awarded the defendant counsel fees in the sum of $25,000. The plaintiff appeals.
The amount and duration of spousal maintenance is an issue generally committed to the sound discretion of the trial court and each case is to be resolved upon its own unique facts and circumstances (see Brody v Brody, 137 AD3d 830, 831). The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting (see D'Iorio v D'Iorio, 135 AD3d 693, 695). Here, considering the relevant factors (see Domestic Relations Law former § 236[B][6][a]), including the length of the parties' marriage, the parties' age and health, their present and future earning capacities, and the defendant's ability and length of time needed to become self-supporting, the Supreme Court's maintenance award was a provident exercise of discretion (see Charap v Willett, 84 AD3d 1000, 1002). Moreover, contrary to the plaintiff's contention, the court properly directed that the award of spousal maintenance be retroactive to the date of the application, while awarding the plaintiff credit for the spousal maintenance payments made in the interim [*2]pursuant to the pendente lite order (see Domestic Relations Law § 236[B][6][a]; DiLascio v DiLascio, 170 AD3d 804, 808).
The plaintiff's contention that the Supreme Court incorrectly determined the defendant's income for the purposes of awarding maintenance, basic child support, and add-on expenses is without merit. The plaintiff failed to introduce credible evidence as to any additional income earned by the defendant, and thus, the court's determination was supported by the testimony and evidence that was presented at the trial (see Pandis v Lapas, 176 AD3d 837, 841).
Contrary to the plaintiff's contention, the Supreme Court sufficiently articulated its reasons for calculating the parties' child support obligations based on combined parental income over the statutory income cap (see Domestic Relations Law § 240[1-b][c][2]), and that determination was adequately supported by the record and was not an improvident exercise of the court's discretion (see Matter of Cassano v Cassano, 85 NY2d 649, 655; Klein v Klein, 178 AD3d 802, 804-805).
There is no merit to the plaintiff's contention that the Supreme Court failed to discuss the statutory factors it relied upon in distributing the marital property. " Domestic Relations Law § 236 mandates that the equitable distribution of marital assets be based on the circumstances of the particular case and directs the courts to consider a number of statutory factors'" (Fairchild v Fairchild, 149 AD3d 810, 810-811, quoting Fields v Fields, 15 NY3d 158, 170; see Domestic Relations Law § 236[B][5][c], [d]). While " the Supreme Court is required to discuss the statutory factors it relied upon in distributing marital property,'" where " it is evident that the Supreme Court considered all relevant factors and the reasons for its decision are articulated, the court is not required to specifically cite to and analyze each statutory factor'" (Spera v Spera, 71 AD3d 661, 662, quoting Milnes v Milnes, 50 AD3d 750, 750). Here, it is evident that the court considered and applied a number of the relevant statutory factors set forth in Domestic Relations Law § 236(B)(5)(d) in making its equitable distribution determination (see Strohli v Strohli, 174 AD3d 938, 944).
"An award of counsel fees pursuant to Domestic Relations Law § 237(a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case'" (Prichep v Prichep, 52 AD3d 61, 64, quoting Morrissey v Morrissey, 259 AD2d 472, 473). Under the circumstances here, the Supreme Court providently exercised its discretion in awarding the defendant counsel fees in the sum of $25,000 (see Beyel v Beyel, 173 AD3d 1129).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court