Sufia v Khalique (2020 NY Slip Op 07940)





Sufia v Khalique


2020 NY Slip Op 07940


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2019-06949
 (Index No. 10692/15)

[*1]Begum Sufia, respondent,
v
Abdul Khalique, appellant.


Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
The Sklavos Law Group, P.C., Jericho, NY (Alexander E. Sklavos of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, in effect, for the equitable distribution of marital property following a foreign judgment of divorce, the defendant appeals from a judgment of the Supreme Court, Queens County (Margaret P. McGowan, J.), entered October 14, 2020. The judgment, upon a decision of the same court dated April 8, 2019, made after a nonjury trial, inter alia, directed the defendant to pay child support in the sum of $1,608.71 per month, awarded the plaintiff maintenance in the sum of $1,786.99 per month for a period of 14 years, to increase to the sum of $3,004.59 per month upon the emancipation of the parties' youngest child, equitably distributed the marital property, and awarded the plaintiff counsel fees in the sum of $25,000.
ORDERED that on the Court's own motion, the notice of appeal from the decision is deemed a premature notice of appeal from the judgment (see CPLR 5520[c]); and it is further,
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff maintenance in the sum of $1,786.99 per month for a period of 14 years, to increase to the sum of $3,004.59 per month upon the emancipation of the parties' youngest child, and substituting therefor a provision awarding the plaintiff maintenance in the sum of $1,786.99 per month for a period of 14 years, with such maintenance obligation terminating upon the death of either party or upon the plaintiff's remarriage; as so modified, the judgment is affirmed, without costs or disbursements.
The parties were married in Bangladesh in 1987, moved to the United States in 1994, and have four children, one of whom was unemancipated at the time of the trial in this action. In September 2015, the plaintiff commenced this action for a divorce and ancillary relief. In an order dated March 23, 2016, the Supreme Court, inter alia, found that the defendant had obtained a default judgment of divorce against the plaintiff in Bangladesh on June 30, 2015, and set the matter down for a trial regarding the issues of child support, maintenance, and equitable distribution. After a two-day nonjury trial, the court issued a decision dated April 8, 2019, equitably distributing the marital property, directing the defendant to pay the sum of $1,608.71 per month in child support, awarding the plaintiff maintenance in the sum of $1,786.99 per month for a period of 14 years, to increase to [*2]the sum of $3,004.59 per month upon the emancipation of the parties' youngest child, and awarding the plaintiff counsel fees in the sum of $25,000. A judgment of divorce was entered upon the decision on October 14, 2020. The defendant appeals.
Contrary to the defendant's contention, the plaintiff was not barred from litigating the issues of maintenance, equitable distribution, and counsel fees in this action (see Domestic Relations Law § 236[B][2][a], [5][a]; Young v Knight, 236 AD2d 534; Nikrooz v Nikrooz, 167 AD2d 334, 335; Mahoney v Mahoney, 131 AD2d 822, 822-823).
"'Domestic Relations Law § 236 mandates that the equitable distribution of marital assets be based on the circumstances of the particular case and directs the courts to consider a number of statutory factors'" (Fairchild v Fairchild, 149 AD3d 810, 810-811, quoting Fields v Fields, 15 NY3d 158, 170; see Domestic Relations Law § 236[B][5][c], [d]). While "'the Supreme Court is required to discuss the statutory factors it relied upon in distributing marital property,' . . . . [w]here 'it is evident that the Supreme Court considered all relevant factors and the reasons for its decision are articulated, the court is not required to specifically cite to and analyze each statutory factor'" (Spera v Spera, 71 AD3d 661, 662, quoting Milnes v Milnes, 50 AD3d 750, 750 [citations omitted]). Here, contrary to the defendant's contention, it is evident that the Supreme Court considered and applied a number of the relevant statutory factors set forth in Domestic Relations Law § 236(B)(5)(d) in making its equitable distribution determination (see Fishman v Fishman, 186 AD3d 1199; Strohli v Strohli, 174 AD3d 938, 944).
Furthermore, "[a] trial court is vested with broad discretion in making an equitable distribution of marital property, and 'unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed'" (Schwartz v Schwartz, 67 AD3d 989, 990, quoting Saleh v Saleh, 40 AD3d 617, 617-618; see Kotsakis v Kotsakis, 169 AD3d 1023, 1023-1024). Moreover, where, as here, "a determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses and the proffered items of evidence is afforded great weight on appeal" (Kaufman v Kaufman, 189 AD3d 31, 56; see Aloi v Simoni, 82 AD3d 683, 685; Schwartz v Schwartz, 67 AD3d at 990). "While equitable distribution does not necessarily mean equal distribution, when both spouses have made significant contributions to a marriage of long duration, the division of marital property should be as equal as possible" (Kamm v Kamm, 182 AD3d 590, 591 [internal quotation marks omitted]). In this case, the Supreme Court did not improvidently exercise its discretion with regard to equitable distribution of the marital assets (see Eschemuller v Eschemuller, 167 AD3d 983, 985; Greenberg v Greenberg, 162 AD3d 870, 873).
"'A court need not rely upon a party's own account of his [or her] finances, but may impute income based upon the party's past income or demonstrated future potential earnings'" (Nerayoff v Rokhsar, 168 AD3d 1071, 1077, quoting Steinberg v Steinberg, 59 AD3d 702, 705). "Where a party's account is not believable, the court may impute a true or potential income higher than alleged" (Wesche v Wesche, 77 AD3d 921, 923). "'The factfinder's determination concerning the imputation of income to an obligor spouse is almost always based on the resolution of credibility, and therefore, is given great deference on appeal'" (Matter of Funaro v Kudrick, 128 AD3d 695, 696, quoting Khaimova v Mosheyev, 57 AD3d 737, 737-738). Here, it was not an improvident exercise of discretion for the Supreme Court to impute to the defendant $150,000 in annual income for the purposes of calculating his child support and maintenance obligations, and to impute income to the plaintiff in the amount of only $24,694 per year (see Ferrante v Ferrante, 186 AD3d 566, 569-570; Marino v Marino, 183 AD3d 813, 817-818; Kamm v Kamm, 182 AD3d at 592; Strohli v Strohli, 174 AD3d at 942).
"The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (Culen v Culen, 157 AD3d 926, 928; see Carroll v Carroll, 125 AD3d 710, 711). "In cases, like this one, commenced prior to amendments to the Domestic Relations Law effective January 23, 2016 (see L 2015, ch 269, § 4), factors to be considered include "'the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of [*3]the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties"'" (Kaufman v Kaufman, 189 AD3d at 69-70, quoting Gorman v Gorman, 165 AD3d 1067, 1069, quoting Gordon v Gordon, 113 AD3d 654, 655; see Domestic Relations Law former § 236[B][6][a]). "Maintenance is designed to give the spouse economic independence and should continue only as long as is required to render the recipient self-supporting" (Carroll v Carroll, 125 AD3d at 711 [internal quotation marks omitted]). Contrary to the defendant's contention, considering the relevant factors, including the ages of the parties, the lengthy duration of the marriage, and the parties' respective present and future earning capacities, the Supreme Court did not improvidently exercise its discretion in awarding the plaintiff the sum of $1,786.99 per month for a period of 14 years (see Kamm v Kamm, 182 AD3d at 591-592; Klein v Klein, 178 AD3d 802, 804; Gillman v Gillman, 139 AD3d 667, 670-671). However, the court should have included a provision that the award of maintenance shall terminate upon the death of either party or the plaintiff's remarriage (see Domestic Relations Law § 236[B][6][f][3]; Ferrante v Ferrante, 186 AD3d at 570). In addition, there is no basis in the record for the court's determination to increase the maintenance award to the sum of $3,004.59, upon the emancipation of the parties' youngest child (see O'Brien v O'Brien, 88 AD3d 775, 777-778). Thus, we modify the judgment accordingly.
"An award of counsel fees pursuant to Domestic Relations Law § 237(a) is a matter within the sound discretion of the trial court, and the issue 'is controlled by the equities and circumstances of each particular case'" (D'Angio v D'Angio, 171 AD3d 1130, 1130, quoting Morrissey v Morrissey, 259 AD2d 472, 473). Domestic Relations Law § 237(a) provides that "[t]here shall be a rebuttable presumption that counsel fees shall be awarded to the less monied spouse." Under the circumstances here, the Supreme Court providently exercised its discretion in awarding the plaintiff counsel fees in the sum of $25,000 (see Fishman v Fishman, 186 AD3d 1199; Beyel v Beyel, 173 AD3d 1129).
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court