Keren v Keren (2022 NY Slip Op 00412)





Keren v Keren


2022 NY Slip Op 00412


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-03124
 (Index No. 8465/16)

[*1]Orna Keren, respondent,
v
Alexander Keren, appellant.


Law Office of Robert H. Montefusco, P.C., Islandia, NY, for appellant.
Heilig, Branigan, Miller & Castrovinci, Holbrook, NY (Michael J. Miller of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an amended judgment of divorce of the Supreme Court, Suffolk County (Glenn A. Murphy, J.), entered January 8, 2019. The amended judgment of divorce, insofar as appealed from, upon a decision of the same court dated August 22, 2018, made after a nonjury trial, awarded the plaintiff 50% of the defendant's interest in Manhattan Bridge Car Wash, Inc., and 50% of the value of the defendant's interest in certain property owned by Manhattan Bridge Car Wash, Inc., in the event the property was ever sold.
ORDERED that the amended judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married on September 1, 1991. In 2016, the plaintiff commenced this action for a divorce and ancillary relief.
At a nonjury trial, the defendant testified that he owned a percentage interest in Manhattan Bridge Car Wash, Inc. (hereinafter MBCW), which was incorporated during the marriage. MBCW owned a lease to a car wash in Brooklyn, but sold that lease in 2007 and used the proceeds of that sale to purchase a building in Manhattan. In 2016, MBCW sold the building in Manhattan and used the proceeds of that sale to buy a building in Huntington (hereinafter the Huntington property), which was leased by Walgreens. The defendant testified that he had no personal responsibility for the Huntington property, but, as a shareholder of MBCW, he received a portion of the monthly rent from the Walgreens lease. After the trial, in an amended judgment of divorce entered January 8, 2019, the Supreme Court awarded the plaintiff 50% of the defendant's interest in MBCW, and 50% of the defendant's interest in the Huntington property in the event the property was ever sold. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in awarding the plaintiff 50% of his interest in MBCW. "'Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute is separate property'" (Steinberg v Steinberg, 59 AD3d 702, 704, quoting Judson v Judson, 255 AD2d 656, 657). "Marital property is to be viewed broadly, while separate property is to be viewed narrowly" (Steinberg v Steinberg, 59 AD3d at 704). "'The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed'" (Linenschmidt v Linenschmidt, 163 AD3d [*2]949, 950, quoting Gafycz v Gafycz, 148 AD3d 679, 680). "Moreover, where, as here, the determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal" (Linenschmidt v Linenschmidt, 163 AD3d at 950).
Here, the defendant's brother testified at the trial that he gifted the defendant his interest in MBCW. However, this assertion was not confirmed by any documentary evidence, and the Supreme Court found the defendant's brother's testimony to be incredible. Accordingly, the defendant did not meet his burden of establishing that his interest in MBCW was separate property.
The defendant's contention that his interest in MBCW should not have been distributed in-kind, which is raised for the first time on appeal, is not properly before this Court (see Martin v Martin, 256 AD2d 390, 391). In any event, the defendant's contention is without merit. "'Whether marital property shall be distributed or a distributive award shall be made in lieu of, or to supplement, facilitate or effectuate a distribution of marital property are matters committed by section 236 (part B, subd 5) of the Domestic Relations Law to the discretion of the Trial Judge in the first instance'" (Raposo v Raposo, 164 AD3d 1383, 1384, quoting Majauskas v Majauskas, 61 NY2d 481, 493). Here, the defendant did not establish that an in-kind distribution of his interest in MBCW was unnecessary, impracticable, or burdensome (see Raposo v Raposo, 164 AD3d at 1385).
"When both spouses equally contribute to a marriage of long duration, the division of marital property should be as equal as possible; however, equitable distribution does not necessarily mean equal distribution'" (Spencer-Forrest v Forrest, 159 AD3d 762, 764, quoting Davis v O'Brien, 79 AD3d 695, 696). Here, both parties were involved with MBCW during this 25-year marriage, and the equal distribution of the defendant's interest was a provident exercise of the Supreme Court's discretion (see Spencer-Forrest v Forrest, 159 AD3d at 764).
CONNOLLY, J.P., CHAMBERS, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court