Tzu Ching Kao v Bonalle (2023 NY Slip Op 01543)

Tzu Ching Kao v Bonalle

2023 NY Slip Op 01543

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2019-12008
 (Index No. 12730/13)

[*1]Tzu Ching Kao, respondent,
v
David Bonalle, appellant.

Segal & Greenberg LLP, New York, NY (Olga Batsedis of counsel), for appellant.
Port and Sava, Lynbrook, NY (Gary B. Port of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Queens County (Jodi Orlow, J.), entered July 19, 2019. The judgment of divorce, insofar as appealed from, upon a decision of the same court (Ernest Hart, J.) entered July 23, 2018, made after a nonjury trial, (1) awarded the plaintiff the sum of $138,870.84, representing 50% of the amount of excessive charges incurred by the defendant on his American Express credit card after the commencement of this action, (2) awarded the plaintiff the sum of $75,000, representing 50% of the amount that the defendant deposited, in contemplation of divorce, into 529 tuition plan accounts held on behalf of his two children from his previous marriage, (3) awarded the plaintiff the sum of $8,819.15, representing 50% of the net proceeds of the sale of a condominium in Ohio, and (4) directed the defendant to pay two-thirds of the plaintiff's counsel fees, excluding the costs associated with the plaintiff's appeal of a prior order in this action.
ORDERED that the judgment of divorce is modified, on the law and the facts, (1) by deleting the provision thereof awarding the plaintiff the sum of $138,870.84, representing 50% of the amount of excessive charges incurred by the defendant on his American Express credit card after the commencement of this action, and substituting therefor a provision awarding the plaintiff the sum of $63,756.87, representing 50% of the amount of excessive charges incurred by the defendant on his American Express credit card after the commencement of this action, and (2) by deleting the provision thereof directing the defendant to pay two-thirds of the plaintiff's counsel fees, excluding the costs associated with the plaintiff's appeal of a prior order in this action; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The parties were married on July 26, 2007, and have one child together, born in 2008. The plaintiff commenced this action for a divorce and ancillary relief in July 2013. In a decision entered July 23, 2018, made after a nonjury trial, the Supreme Court determined that the defendant had made certain excessive charges on his American Express credit card from January 2015 to May 2017. The court determined that the plaintiff was entitled to the sum of $138,870.84, which is equal to 50% of the excessive charges as calculated by the court. The court also determined that, in contemplation of this matrimonial action, the defendant transferred the sum of $150,000 into two 529 tuition plan accounts held on behalf of his two children from a previous marriage. Accordingly, the court determined that the plaintiff was entitled to $75,000, which is equal to 50% of the total funds transferred. The court further determined that the parties were to equally divide the net [*2]proceeds of the sale of a condominium located in Ohio, such that each party would receive the sum of $8,819.15. The court also granted the plaintiff's application for counsel fees to the extent of determining that the defendant was to pay two-thirds of the plaintiff's counsel fees, excluding the costs associated with the plaintiff's appeal of a prior order in this action (see Tzu Ching Kao v Bonalle, 145 AD3d 703).
A judgment of divorce, which was entered on July 19, 2019, inter alia, awarded the plaintiff the sums of $138,870.84 and $75,000, awarded both parties the sum of $8,819.15, and directed the defendant to pay two-thirds of the plaintiff's counsel fees, excluding the costs associated with the plaintiff's appeal of a prior order in this action. The defendant appeals.
"The trial court is vested with broad discretion in making an equitable distribution of marital property and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Kamm v Kamm, 182 AD3d 590, 591 [internal quotation marks omitted]). "Moreover, where, as here, the determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal" (id. at 591 [internal quotation marks omitted]).
Here, the Supreme Court providently exercised its discretion in awarding the plaintiff 50% of the excessive charges made by the defendant on his American Express card during the subject post-commencement period of time, January 2015 to May 2017 (see Domestic Relations Law § 236[B][2][b][1]; Strohli v Strohli, 174 AD3d 938, 946; Mage v Mage, 174 AD3d 884, 887; Iacono v Iacono, 145 AD3d 972, 974). In fashioning this award, the court determined that prior to the commencement of this action, the defendant personally charged approximately $5,000 per month to his American Express card, based upon the defendant's American Express account statements. The defendant did not produce any American Express account statements documenting his post-commencement spending. However, the plaintiff introduced bank statements from the defendant's Chase Bank account. The court determined that the Chase Bank account statements demonstrated that during the subject post-commencement period of time, the defendant made payments from his Chase Bank account to his American Express account totaling $417,881.67. The court divided the total charges made during the subject post-commencement period of time by two, which equals $208,940.84; divided $5,000 (the monthly amount customarily charged by the defendant to his American Express card) by two, and then multiplied that amount by 28, representing the number of months during the subject post-commencement period of time, for a total of $70,000; and then subtracted $70,000 from $208,940.84, which equals $138,870.84.
While we take no issue with the method by which the Supreme Court calculated this award, the evidence before the court established that the total amount transferred by the defendant from his Chase Bank account to his American Express account during the subject post-commencement period of time was $417,879.72. Further, in the 31 months prior to the commencement of this action, the defendant personally charged an average of $10,012.62 per month on his American Express card, which is more than twice as much per month as determined by the court. Additionally, the payments made by the defendant from his Chase Bank account to his American Express account during the subject post-commencement period of time spanned 29 months, not 28 months. Utilizing these figures results in an award to the plaintiff of $63,756.87. Accordingly, we modify the judgment of divorce by deleting the provision thereof awarding the plaintiff the sum of $138,870.84, representing 50% of the sum of excessive charges on the defendant's American Express card after the commencement of this action, and substituting therefor a provision awarding the plaintiff the sum of $63,756.87.
The Supreme Court properly awarded the plaintiff the sum of $75,000 in connection with the defendant's transfers totaling $150,000 into two 529 tuition plan accounts held on behalf of the defendant's two children from a previous marriage, as the record demonstrates that these transactions were performed in contemplation of this action (see Domestic Relations Law § 236[B][5][d][13]; DeGroat v DeGroat, 84 AD3d 1012, 1013).
The Supreme Court properly awarded each party 50% of the net proceeds of the sale of the Ohio condominium. Although, generally, it is the responsibility of both parties to maintain [*3]the marital property and a party who pays more than their share is entitled to reimbursement (see Uttamchandani v Uttamchandani, 175 AD3d 1457, 1459; Brinkmann v Brinkmann, 152 AD3d 637), here, the defendant failed to produce evidence supporting his claim that he paid 100% of the carrying costs of the condominium.
However, the Supreme Court erred in awarding the plaintiff counsel fees, as neither the plaintiff nor her attorney submitted any documentation or evidence that would have supported such an award (see Domestic Relations Law § 237[a]; Rizzo v Rizzo, 120 AD3d 1400, 1405; Cervone v Cervone, 74 AD3d 1268, 1269).
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court