Anyanwu v Anyanwu (2023 NY Slip Op 02859)

Anyanwu v Anyanwu

2023 NY Slip Op 02859

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.

2021-01675
 (Index No. 874/17)

[*1]Olivia Anyanwu, respondent,
v
Christian Anyanwu, appellant.

Law Office of Joshua R. Katz, P.C., Kew Gardens, NY, for appellant.
Lewis S. Calderon, Jamaica, NY, for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Queens County (Anna Culley, J.), entered November 27, 2020. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated June 30, 2020, made after a nonjury trial, awarded the plaintiff maintenance in the sum of $423.50 per month for a period of seven years and child support in the sum of $1,876.44 per month.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant were married in December 1994 and have four children, three of whom were unemancipated at the time of trial. In January 2017, the plaintiff commenced this action for a divorce and ancillary relief. After a nonjury trial, the Supreme Court issued a decision in which it, inter alia, imputed income to the defendant in the amount of $92,942 per year. The court subsequently entered a judgment of divorce upon its decision after trial, awarding the plaintiff maintenance in the sum of $423.50 per month for a period of seven years and child support in the sum of $1,876.44 per month, calculated with the defendant's imputed income, among other things. The defendant appeals from the judgment of divorce.
In determining a party's maintenance and child support obligations, a court "'need not rely upon a party's own account of his [or her] finances, but may impute income based upon the party's past income or demonstrated future potential earnings'" (Tuchman v Tuchman, 201 AD3d 986, 990, quoting Duffy v Duffy, 84 AD3d 1151, 1151-1152). "Where a party's account is not believable, the court may impute a true or potential income higher than alleged" (Sufia v Khalique, 189 AD3d 1499, 1501 [internal quotation marks omitted]). "'The factfinder's determination concerning the imputation of income to an obligor spouse is almost always based on the resolution of credibility, and therefore, is given great deference on appeal'" (id. at 1501, quoting Matter of Funaro v Kudrick, 128 AD3d 695, 696 [internal quotation marks omitted]). Here, the Supreme Court providently exercised its discretion by imputing $92,942 in annual income to the defendant when computing his maintenance and child support obligations (see Tuchman v Tuchman, 201 AD3d at 990; Sufia v Khalique, 189 AD3d at 1501). In particular, the defendant's testimony as to his income in 2017, coupled with the undisputed evidence of his educational background and his vague denial of recollection as to whether the accusations underlying his termination from his previous full-[*2]time position had merit, provided a basis for the court, in the exercise of its discretion, to impute income to the defendant (see Sufia v Khalique, 189 AD3d at 1501). Moreover, while the defendant is correct that the court should not have, sua sponte, taken judicial notice of information regarding the defendant's income on a certain website (see OneWest Bank, FSB v Berino, 158 AD3d 811, 813; HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 818), this error was harmless (see CPLR 2002; Fraser v 147 Rockaway Pkw, LLC, 203 AD3d 894, 895; Matter of Billets v Bush, 63 AD3d 1203, 1204; Matter of Christina A., 216 AD2d 928). The defendant's own admission to earning more than $96,000 in 2017 provided an independent basis for the court to impute income to him in the amount of $92,942 per year (see Brown v Brown, 239 AD2d 535).
The defendant's remaining contentions are either unpreserved for appellate review or without merit.
CONNOLLY, J.P., BRATHWAITE NELSON, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court