Osuagwu v Osuagwu (2024 NY Slip Op 04078)

Osuagwu v Osuagwu

2024 NY Slip Op 04078

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-04034
 (Index No. 36070/20)

[*1]Leaticia C. Osuagwu, respondent,
v
Chinonyerem O. Osuagwu, appellant.

Chinonyerem O. Osuagwu, New City, NY, appellant pro se.
Phyllis E. Simon, New City, NY, for respondent.
Nicole DiGiacomo, New City, NY, attorney for the child.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated February 3, 2022. The judgment of divorce, upon a decision of the same court, also dated February 3, 2022, made after a nonjury trial, inter alia, determined that certain premises are marital property subject to equitable distribution, with the parties to share equally in the net proceeds of the sale of those premises, directed that the defendant was solely responsible for payment of unpaid federal and state income taxes, penalties, fines, or interest due, awarded the plaintiff sole legal and physical custody of the parties' children, and awarded the plaintiff counsel fees in the amount of $15,000.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in 2012, and have two children. In 2020, the plaintiff commenced this action for a divorce and ancillary relief. After a nonjury trial and upon a decision dated February 3, 2022, the Supreme Court entered a judgment of divorce, also dated February 3, 2022. The defendant appeals from stated portions of the judgment of divorce.
"The trial court is vested with broad discretion in making an equitable distribution of marital property and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Kamm v Kamm, 182 AD3d 590, 591 [internal quotation marks omitted]). "Moreover, where, as here, the determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal" (Tzu Ching Kao v Bonalle, 214 AD3d 922, 924).
The Supreme Court properly determined that the marital residence constituted marital property. "'Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute is separate property'" (Keren v Keren, 201 AD3d 906, 907, quoting Steinberg v Steinberg, 59 AD3d [*2]702, 704 [internal quotation marks omitted]). Here, the record established that the residence was acquired during the marriage with marital funds, and the defendant failed to adduce sufficient evidence so as to overcome the marital property presumption (see Novick v Novick, 214 AD3d 995, 999; Cuomo v Moss, 199 AD3d 635, 636).
The defendant's contentions regarding prior orders of the Supreme Court that authorized the plaintiff to sign certain documents on behalf of the defendant in order to effectuate the sale of the marital residence are properly raised on this appeal from the judgment of divorce (see CPLR 5501[a][1]; Shah v Oral Cancer Prevention Intl., Inc., 138 AD3d 722, 723-724). The defendant contends that the plaintiff committed forgery when, pursuant to the court's authorization, the plaintiff signed certain documents on behalf of the defendant in order to effectuate the sale of the marital residence. However, the plaintiff did not commit forgery as there was no "intent to defraud, deceive, or injure another" (Penal Law §§ 170.05, 170.10), in that the plaintiff was authorized by the court to sign for the defendant (see People v Briggins, 50 NY2d 302, 306; Pauyo v Pauyo, 102 AD3d 847, 848).
The Supreme Court properly directed that the defendant was solely responsible for payment of unpaid federal and state income taxes, penalties, fines, or interest due. The income tax liability of the parties is subject to equitable distribution (see Lago v Adrion, 93 AD3d 697; Conway v Conway, 29 AD3d 725), but equitable distribution does not necessarily mean equal distribution (see Auriemmo v Auriemmo, 87 AD3d 1090). Here, the credible evidence established that the plaintiff filed separate tax returns and that the defendant had not filed any tax returns since approximately 2013. Inasmuch as the plaintiff paid her tax liability by filing separate income tax returns, the court properly directed that the defendant was responsible for any outstanding tax liability and that the defendant would indemnify the plaintiff for any tax liability, penalties, fines, or interest due (see Frey v Frey, 68 AD3d 1052, 1053).
The Supreme Court properly awarded the plaintiff sole legal and physical custody of the children, with parental access to the defendant. "The paramount consideration in any custody dispute is the best interests of the child" (Matter of Khan v Potdar, 185 AD3d 822, 822-823; see Eschbach v Eschbach, 56 NY2d 167, 171). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's custody determination will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049). Here, the court's determination awarding custody to the plaintiff, who, inter alia, was the primary caregiver for the children, is supported by a sound and substantial basis in the record (see Matter of Chung v Toppin, 209 AD3d 647).
An award of counsel fees is a matter within the sound discretion of the trial court, taking into consideration the equities and circumstances of the particular case, including the parties' respective financial conditions and the relative merits of their positions (see Domestic Relations Law § 237[a]; Johnson v Chapin, 12 NY3d 461). Here, considering the equities and circumstances of the case, including the parties' respective financial conditions, the Supreme Court providently exercised its discretion in awarding the plaintiff counsel fees.
The defendant's remaining contentions either are without merit or have been rendered academic by the sale of the marital residence (see Matter of Hearst Corp. v Clyne, 50 NY2d 707; Newrez, LLC v City of Middletown, 216 AD3d 654).
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court