Reiser v Reiser (2025 NY Slip Op 05724)

Reiser v Reiser

2025 NY Slip Op 05724

Decided on October 16, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 16, 2025

CV-23-0109
[*1]Libby Corcoran Reiser, Appellant,
v
Henry Reiser Jr., Respondent.

Calendar Date:September 4, 2025

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Salazar and Erikson, LLP, East Greenbush (Emmalynn S. Blake of counsel), for appellant.
Hodgson Russ LLP, New York City (Jacqueline I. Meyer of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the Supreme Court (Richard McNally Jr., J.), entered January 5, 2023 in Rensselaer County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) married in 1980. During their 38-year marriage, the husband operated a construction and real estate development business, eventually forming Reiser Builders, Inc. (hereinafter RBI),[FN1] and the wife contributed to the husband's business by keeping its books and selling some of the homes it constructed. In 2014, the parties acquired 400 acres of land in Rensselaer County that is at the center of their dispute (hereinafter Grey Ledge), financed by two promissory notes — one in the husband's name, one in the wife's — secured by a mortgage on Grey Ledge. The parties subdivided a section of Grey Ledge into 11 lots to be improved with homes constructed on speculation by the husband and sold for profit (hereinafter the subdivision). Another section — the twelfth lot — included a house intended for use by the parties (hereinafter the marital residence).[FN2]
The parties' marital relationship deteriorated, culminating with the wife's commencement of this action for divorce and ancillary relief in August 2018. While this action was pending, in October 2018, the husband formed HRRG Properties, LLC, to which he transferred title to the subdivision. In exchange for 50% of HRRG, an investor paid the husband $210,000; the husband also obtained a $100,000 loan from the investor, secured by a mortgage on the marital residence. The husband used the $310,000 received from the investor to pay off various liabilities in connection with Grey Ledge as well as an earlier project owned by RBI. A month later, in November 2018, the wife sold the parties' former residence (hereinafter the carriage house), used the proceeds from that sale to pay off the carriage house's mortgage and spent the remaining funds on other expenses.
After settlement negotiations failed and the wife discharged her counsel, a four-day trial ensued, during which the wife represented herself. Supreme Court determined that "any debts solely attributable to RBI or HRRG and [the husband] as owner, principal, or partner, are solely his," though the court did not make any findings as to which, if any, of the many liabilities proffered by the parties met these criteria. The court awarded the wife spousal maintenance of $2,407 per month for 14 years, and distributed to her the vehicle titled to her, a commission from the sale of the carriage house and 50% of the remaining proceeds from that sale. The husband was awarded the other 50% of the remaining carriage house proceeds — $83,226 — to be deducted from his maintenance arrears of $122,782.50, payable in monthly installments. The court distributed to the husband all of the vehicles titled to him, Grey Ledge with all of its equity and all remaining debt, marital [*2]or otherwise. As a result of the court's distribution, the husband received nearly all of the marital property in dispute. The court also denied the wife's counsel fee application. The wife appeals.
"The Domestic Relations Law recognizes that the marriage relationship is an economic partnership. As such, during the life of a marriage spouses share in both its profits and losses. When the marriage comes to an end, courts are required to equitably distribute not only the assets remaining from the marriage, but also the liabilities" (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 420 [2009]). "It is well established that equitable distribution of marital property does not necessarily mean equal, and Supreme Court has substantial discretion in fashioning an award of equitable distribution" (King v King, 202 AD3d 1383, 1387 [3d Dept 2022] [internal quotation marks and citations omitted]). The "award will not be disturbed absent an abuse of discretion or failure to consider the requisite statutory factors under Domestic Relations Law § 236 (B) (5) (d)" (Mack v Mack, 169 AD3d 1214, 1216 [3d Dept 2019] [internal quotation marks and citation omitted]; accord Kopko v Kopko, 229 AD3d 974, 977 [3d Dept 2024], appeal dismissed 42 NY3d 1086 [2025]). "In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind in a close case that the trial court had the advantage of seeing the witnesses and hearing the testimony" (Kirshner v Kirshner, 228 AD3d 923, 924 [2d Dept 2024] [internal quotation marks and citation omitted]).
The wife raises several challenges to Supreme Court's distribution of marital property. First, contrary to the wife's view, the court appropriately declined to distribute to her an ownership interest in RBI or HRRG, given the husband's experience and expertise in the home construction business and the desirability to leave RBI and HRRG intact without the wife's interference (see Domestic Relations Law § 236 [B] [5] [d] [10]). To the extent the wife seeks an in-kind distributive award representing her share of RBI, the husband testified that the business was winding up, the record contains evidence of RBI's unpaid bills and adverse money judgments, and the wife failed to show RBI had any value (see Giallo-Uvino v Uvino, 165 AD3d 894, 896 [2d Dept 2018]).
We reject the wife's contention that Supreme Court failed to account for a $100,000 bulldozer the husband owned in connection with his business. The only indication that the husband owned a bulldozer comes from his 2018 handwritten business loan application listing a bulldozer as one of his vehicles. The context of that admission is unclear, as the record omits pages from the application. Further, the husband testified at trial only to having leased a bulldozer. "According Supreme Court the great deference in the resolution of credibility issues to which it [*3]is entitled" (Martin v Martin, 178 AD3d 1339, 1340 [3d Dept 2019] [internal quotation marks and citation omitted]), this aspect of the court's distribution will remain undisturbed.[FN3]
Nevertheless, we agree that the husband's transfer of the subdivision to HRRG after the action commenced violated Supreme Court's automatic orders prohibiting either party from transferring, encumbering, selling, assigning or in any way disposing of marital property without written consent of the other party or a court order (see Domestic Relations Law § 236 [B] [2] [b] [1]).[FN4] The husband also encumbered the marital residence with a new mortgage to secure the investor's postcommencement $100,000 loan. Taken together, these transactions inhibited the court's ability to distribute to the wife any part of Grey Ledge, including the marital residence, the subdivision or the equity therein. We further agree that the court disregarded evidence of the parties' equal contributions to their marriage of long duration — husband as a business owner and primary wage earner, and wife as a bookkeeper and real estate agent for the husband's business, as well as homemaker and caregiver to the parties' children. Such evidence warrants a distribution of marital property that is closer to equal (see Spencer-Forrest v Forrest, 159 AD3d 762, 764 [2d Dept 2018]; accord Keren v Keren, 201 AD3d 906, 908 [2d Dept 2022]).
We are constrained, however, by the fact that Grey Ledge is illiquid and not amenable to partition or sale given the liens and judgments against it, and the mortgage loans that financed its purchase are structured so that payments are due upon the sale of lots in the subdivision. There appear to be no other valuable assets to distribute in-kind or any cash from which to draw a distributive award. Thus, to better equalize the distribution, we reverse the part of the judgment that reduced the husband's maintenance arrears by $83,226, thus reinstating the full $122,782.50 in arrears, payable in a lump sum or in monthly installments of $731 (12 payments per year for 14 years, roughly coinciding with his nonarrears maintenance obligation).[FN5]
We decline the wife's request for a new trial based upon Supreme Court's denial of her request for an adjournment to obtain counsel. The record reflects that the court provided the wife with ample opportunity to obtain counsel before trial and after the first day of trial, which the wife appeared to decline because she assumed no counsel would take her case so late, and the court did not abuse its discretion in continuing the trial and facilitating the wife's choice to proceed pro se (see Turco v Turco, 117 AD3d 719, 721 [2d Dept 2014]; Carder v Ramos, 163 AD2d 732, 733-734 [3d Dept 1990]; Cuevas v Cuevas, 110 AD2d 873, 877-878 [2d Dept 1985]).
Finally, Supreme Court did not abuse its discretion in declining to award counsel fees to the wife, as the wife indicated she had means to secure counsel and, in any event, she did not submit an application [*4]affirming her financial need with supporting proof (see Domestic Relations Law § 237 [a]; Angello v Angello, 237 AD3d 1318, 1323 [3d Dept 2025]). The wife's remaining arguments, to the extent not specifically addressed, have been assessed and are without merit.
Garry, P.J., Clark, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as reduced the husband's maintenance arrears by $83,226; the husband is directed to pay the wife $122,782.50 in maintenance arrears in a lump sum or in monthly installments of $731 until paid down to $0; and, as so modified, affirmed.

Footnotes

Footnote 1: RBI was known as Reiser Brothers, Inc. from 2004 to 2014.
Footnote 2: A third section of Grey Ledge remained undeveloped.

Footnote 3: Supreme Court did not abuse its discretion in declining to enforce the parties' separation agreement. The wife concedes the agreement was not valid pursuant to Domestic Relations Law § 236 (B) (3) because it was not "acknowledged or proven in the manner required to entitle a deed to be recorded." The wife's request to enforce the invalid separation agreement as a regular contract is unavailing, as such relief would defeat the purpose of Domestic Relations Law § 236 (B) (3).
Footnote 4: Supreme Court irrationally concluded that the husband's intra-action transfer of the subdivision to HRRG was in the ordinary course of business. Such a transaction would not violate the court's automatic orders (see Domestic Relations Law § 236 [B] [2] [b] [1]). The record shows — and indeed, the court found — that the husband formed HRRG after the action was commenced as a "creative" vehicle to secure funds from the investor.

Footnote 5: We note that our modified distribution effectively awards all of the net proceeds from the carriage house sale to the wife, which is in accord with the husband's April 2022 statement of proposed disposition.