Rothman v Rothman (2025 NY Slip Op 06633)

Rothman v Rothman

2025 NY Slip Op 06633

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-00724
 (Index No. 202500/16)

[*1]Michele Rothman, appellant, 
v
Alan Rothman, respondent.

Alexander Potruch, LLC, Garden City, NY, for appellant.
Law Offices of Rona Gura, P.C. (Law Offices of Seth M. Weinberg, PLLC, Hauppauge, NY, of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Marie F. McCormack, Ct. Atty. Ref.), entered January 20, 2022. The judgment of divorce, insofar as appealed from, upon an order of the same court dated April 24, 2021, and so much of an order of the same court entered November 17, 2021, as denied the plaintiff's motion pursuant to CPLR 4404(b) to set aside certain portions of the order dated April 24, 2021, inter alia, (1) directed the defendant to pay the plaintiff maintenance for a period of only two years in the sum of only $12,000 per month and thereafter, for a period of only three years in the sum of only $11,000 per month, (2) declined to award the plaintiff 50% of the alleged value of the office furniture, equipment, and scrap metal of the marital business, (3) directed that the defendant be awarded his business interest in his new business and declined to award the plaintiff any interest in the defendant's new business, (4) declined to award the plaintiff a credit for one half of the present day value of marital stocks, (5) declined to award the plaintiff credits for certain medical expenses incurred and certain sums the defendant took from the marital business, and (6) awarded the plaintiff the sum of only $125,000 in counsel fees.
ORDERED that the judgment of divorce is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof directing the defendant to pay the plaintiff maintenance for a period of two years in the sum of $12,000 per month and thereafter, for a period of three years in the sum of $11,000 per month, and substituting therefor a provision directing the defendant to pay the plaintiff maintenance for a period of two years in the sum of $12,000 per month, and thereafter, for a period of three years in the sum of $11,000 per month, and thereafter, for a period of seven years in the sum of $8,000 per month; as so modified, the judgment of divorce is affirmed insofar as appealed from, with costs to the plaintiff.
The parties were married in 1992 and have two emancipated children. The plaintiff commenced this action on September 26, 2016, for a divorce and ancillary relief.
A trial scheduled to commence on March 17, 2020, was adjourned due to the COVID-19 pandemic. The parties stipulated to specific factors that would be considered to determine the amount and duration of maintenance. In July 2020, the parties stipulated to waive their right to a trial and to litigate the issues of, inter alia, equitable distribution, maintenance, and outstanding credits claimed by both parties by submission of papers in lieu of testimony. After considering the [*2]parties' respective submissions, the Supreme Court addressed the stipulated issues in an order dated April 24, 2021 (hereinafter the April 2021 order). Thereafter, the plaintiff moved pursuant to CPLR 4404(b) to set aside certain portions of the April 2021 order. The court denied the motion in an order entered November 17, 2021. On January 20, 2022, the court entered a judgment of divorce, among other things, (1) directing the defendant to pay the plaintiff maintenance for a period of two years in the sum of $12,000 per month and thereafter, for a period of three years in the sum of $11,000 per month, (2) declining to award the plaintiff 50% of the alleged value of the office furniture, equipment, and scrap metal of the marital business, (3) directing that the defendant be awarded his business interest in his new business and declining to award the plaintiff any interest in the defendant's new business, (4) declining to award the plaintiff a credit for one half of the present day value of marital stocks, (5) declining to award the plaintiff credits for certain medical expenses incurred and certain sums the defendant took from the marital business, and (6) awarding the plaintiff the sum of $125,000 in counsel fees. The plaintiff appeals.
"The amount and duration of spousal maintenance is an issue generally committed to the sound discretion of the trial court and each case is to be resolved upon its own unique facts and circumstances" (Bari v Bari, 200 AD3d 835, 837 [internal quotation marks omitted]; see Fishman v Fishman, 186 AD3d 1199, 1200). "The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting" (Kattan v Kattan, 202 AD3d 771, 776 [internal quotation marks omitted]; see Fishman v Fishman, 186 AD3d at 1200). "This Court's authority in determining the issue of maintenance is as broad as that of the trial court" (Zehner v Zehner, 186 AD3d 784, 785).
Here, although the Supreme Court providently exercised its discretion in awarding the plaintiff maintenance for a period of two years in the sum of $12,000 per month and for an additional period of three years in the sum of $11,000 per month, the court improvidently exercised its discretion in awarding maintenance for a total period of only five years. Taking into account the length of the marriage and the parties' predivorce standard of living, as well as the facts that the plaintiff was 57 years old at the time of the parties' submissions, largely had been absent from the workforce for almost 20 years, and suffered from physical and mental health issues, some of which resulted from the defendant's infliction of domestic violence upon the plaintiff, it was unrealistic to believe that the plaintiff would be able to achieve a level of financial independence that would eliminate her need to rely on the defendant's support after only 5 years (see Domestic Relations Law §§ 236[B][6][e][1], [f][2]; Zehner v Zehner, 186 AD3d at 785; Duval v Duval, 144 AD3d 739, 742; Carroll v Carroll, 125 AD3d 710, 711-712; Turco v Turco, 117 AD3d 719, 723). Under the circumstances, we conclude that an award of maintenance for an additional seven years in the sum of $8,000 per month is appropriate (see Domestic Relations Law §§ 236[B][6][e][1], [f][2]; Zehner v Zehner, 186 AD3d at 785; Duval v Duval, 144 AD3d at 742; Turco v Turco, 117 AD3d at 723).
"A trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Novick v Novick, 214 AD3d 995, 997 [internal quotation marks omitted]; see Aloi v Simoni, 82 AD3d 683, 685). "Equitable distribution is based on the premise that a marriage is, among other things, an economic partnership to which both parties contribute as spouse, parent, wage earner or homemaker" (Repetti v Repetti, 147 AD3d 1094, 1098 [internal quotation marks omitted]). "Courts should not second-guess the economic decisions made during the course of a marriage, but rather should equitably distribute the assets and obligations remaining once the relationship is at an end" (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 421).
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in declining to award the plaintiff a credit for one half of the present day value of marital stocks, as there was insufficient evidence to enable the court to award the plaintiff a credit (see Aloi v Simoni, 82 AD3d at 685). Likewise, the court providently exercised its discretion in declining to award the plaintiff a credit for one half of the debt paid to the defendant's brother, as there was insufficient evidence to establish that the defendant was engaged in the wasteful dissipation of marital assets (see Bari v Bari, 200 AD3d at 839). The court also did not err in determining that the defendant, who had paid the plaintiff's health insurance premiums, was not required to reimburse [*3]the plaintiff for her medical expenses when she used an out-of-network provider (see Hills v Hills, 240 AD2d 706, 707).
"An award of counsel fees is a matter within the sound discretion of the trial court, taking into consideration the equities and circumstances of the particular case, including the parties' respective financial conditions and the relative merit of their positions" (Habib v Habib, 227 AD3d 874, 877). A court may consider "whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation" (Hutchinson v Hutchinson, 219 AD3d 1320, 1322 [internal quotation marks omitted]). Here, considering the equities and circumstances of the case, including the parties' respective financial conditions and their conduct, the Supreme Court providently exercised its discretion in awarding the plaintiff counsel fees in the sum of $125,000.
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court